S99Y1449. IN THE MATTER OF PERRY O. LEMMONS.
(522 SE2d 650)

PER CURIAM.

The State Disciplinary Board Review Panel filed its Report and Recommendation regarding respondent Perry O. Lemmons alleging that Lemmons violated Standard 4 (professional conduct involving

dishonesty, fraud, deceit, or wilful misrepresentation) of Bar Rule 4-102 (d) and recommending that Lemmons be suspended from the practice of law in Georgia for a period of not less than one year with conditions on reinstatement. The State Bar has filed exceptions to the Review Panel's recommendation as to discipline requesting that Lemmons be disbarred, which also was the recommendation of the special master. Lemmons has not filed written exceptions to the Review Panel's recommendation pursuant to Bar Rule 4-219 (a). Therefore, pursuant to Bar Rule 4-219 (a), we have considered the reports of the Review Panel and the special master, and the exceptions of the State Bar, and conclude that a two-year suspension with conditions on reinstatement is the appropriate sanction for Lemmons' violation of Standard 4 of Bar Rule 4-102 (d).

In this case, the Review Panel and the special master determined that Lemmons violated Standard 4 of Bar Rule 4-102 (d) by falsely representing to the Internal Revenue Service, the Superior Court of Fulton County, this Court, and others, between December 31, 1979, when his permit to engage in the practice of public accountancy in Georgia expired, and until at least May 27, 1997, that he was a certified public accountant (CPA) duly licensed to practice public accountancy in Georgia. The Review Panel and the special master found that on or about July 13, 1992, Lemmons filed Form 2848 with the Internal Revenue Service on behalf of an estate and on that form, falsely declared that he was a CPA; in the case of *Lemmons v. Lawson*, he filed a pleading in the Superior Court of Fulton County on July 24, 1995, and a brief in this Court in 1996, see *Lemmons v. Lawson*, 266 Ga. 571 (468 SE2d 749) (1996), falsely representing that he was a CPA; and on May 10, 1996, in a letter to another attorney, he falsely represented that he was a member of the firm of "Perry O. Lemmons & Associates, Certified Public Accountants." These actions were in contradiction to OCGA § 43-3-35 (a) which provides, in pertinent part, that no one shall assume the title of CPA unless he or she holds a current permit to engage in public accountancy. In his exceptions to the special master's recommendation of disbarment, Lemmons argued that at all times relevant to this disciplinary matter, he was either qualified as a CPA or entitled to a good faith belief that he was so qualified; possessed the professional skills and qualifications to perform the services rendered; did not cause any material harm; and had let his permit expire due to a dues dispute. We find no merit to the exceptions and note the following in aggravation: (1) Lemmons' prior disciplinary record which consists of his acceptance in 1985 of a Formal Admonition for violating Standard 28 (revealing the confidence and secrets of a client); (2) the fact that he committed multiple offenses; (3) his refusal to acknowledge the wrongful nature of his conduct; and (4) his substantial experience in the practice of law,

having been admitted to practice in 1968. We also note that a violation of Standard 4 of Bar Rule 4-102 (d) may warrant disbarment. See Standard 5.11 of the American Bar Association's Center for Professional Responsibility's Standards for Imposing Lawyer Sanctions (1991) (disbarment generally appropriate for serious criminal misconduct or any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice); *In the Matter of Morse*, 265 Ga. 353 (2) (456 SE2d 52) (1995). However, in the present case, although we find that a one-year suspension is not an appropriate sanction in light of the aforementioned aggravating factors, we also do not find those factors sufficient to warrant disbarment.

Thus, contrary to the recommendations of the Review Panel and the State Bar, we hold that a two-year suspension with conditions on reinstatement is the appropriate sanction for Lemmons' violation of Standard 4 of Bar Rule 4-102 (d). Accordingly, Lemmons is suspended from the practice of law in Georgia for two years from the date of this opinion. Prior to his reinstatement at the end of his suspension, Lemmons must show to the office of the General Counsel of the State Bar that he either has been reinstated as a CPA or has discontinued holding himself out to the public as a CPA. He is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions on reinstatement. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.