S02Y0321. IN THE MATTER OF ANN PORGES-DODSON.
(558 SE2d 721)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation issued by a special master after this Court rejected respondent Ann Porges-Dodson's earlier-filed petition for voluntary discipline.

The parties stipulated to the following facts: respondent maintained an attorney escrow account; in November 1998 and again in January 1999, she wrote multiple checks on that account causing it to become overdrawn; the first overdraft occurred because respondent's purse which contained the client funds to be deposited in the account was stolen; those funds were never recovered; respondent deposited her personal funds into the account to replace the client funds; the second overdraft occurred when respondent, who was entering the hospital, entrusted the client funds to a third person who neglected to deposit the funds into her escrow account as expected; and that upon discovery of the omission, respondent immediately deposited the funds.

The special master recommended that respondent be given a public reprimand; that she attend a law office management course; and that she be placed on probation (on terms established by the office of the General Counsel of the State Bar of the State of Georgia) for six months.

Upon review of the record, we find that respondent's actions violated Standard 65 (A) (a lawyer shall not commingle her client's funds with her own, shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d), which may be punished by disbarment. We further find that respondent did not wilfully violate the standard but acted negligently in so doing; and that respondent's actions had the potential to injure her clients.

Absent aggravating or mitigating circumstances, a reprimand would generally be the appropriate response where a lawyer is merely negligent but causes injury or potential injury to the client. We note, however, in aggravation, that respondent, who has been a member of the State Bar since 1985, has substantial experience in the practice of law, that she has been disciplined on four prior occasions and that she has previously been disciplined for violating Stan-

dard 65.* These aggravating factors outweigh any mitigating factors. Accordingly, based on a review of the record, we reject as too lenient the special master's recommendation of a public reprimand. Respondent's history of failing to comply with ethical standards warrants suspension for a period of one year. Respondent is reminded of her duties under Bar Rule 4-219 (c).

*Suspended. All the Justices concur.*

DECIDED JANUARY 14, 2002 —
RECONSIDERATION DENIED FEBRUARY 11, 2002.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

* On April 20, 1998, the Investigative Panel issued respondent a Letter of Formal Admonition for her violation of that standard.