S11Y1844. IN THE MATTER OF NIKKI GIOVANNI BONNER.
(716 SE2d 224)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Nikki Giovanni Bonner (State Bar No. 141588) in which he asks the Court to impose a Review Panel reprimand for his admitted violations of Rules 3.4 (a) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). He also states that he will accept a suspension of up to six months. Both rules may be punished by disbarment. The State Bar filed a response expressing no objection to the petition and stating that the range of discipline requested is appropriate in light of the mitigating factors set forth in the petition.

In the petition Bonner admits that he represented plaintiffs in a civil matter who previously represented themselves pro se. Prior to his entry in the case defense counsel had filed three motions to compel and two that requested sanctions. Bonner attempted to get to defense counsel the requested discovery in the time allotted by the court but failed to do so, albeit not wilfully. His clients' pleadings were struck, and three attorney fees awards were entered, the last two against Bonner only. Bonner attempted to appeal but did not have the funds for the supersedeas bond so his notice of appeal was dismissed. Opposing counsel served Bonner with a subpoena for a deposition and request for production to conduct post-judgment discovery regarding Bonner's means of satisfying the awards. Bonner admits that he told opposing counsel that he had a court conflict for the deposition date even though he had received a notice that the court date was rescheduled, but states that he did not pay attention

to the notice and actually went to court on the original date thinking it was still scheduled. Bonner appeared for the deposition but admits he was over an hour late, that he filed a motion for a protective order after the scheduled time for the deposition even though he knew there were no meritorious grounds for it, and that during the deposition he refused to answer most of the questions and provided untruthful answers to some questions. As a result of his conduct the trial court found Bonner in willful contempt and incarcerated him until he complied with discovery. Bonner states that he accepts responsibility for his obstruction of opposing counsel's legitimate efforts to obtain relevant evidence and for his dishonesty; that he did not have the funds to pay the judgments and he allowed his fear to impair his judgment; and that he regrets his actions and has learned from his mistakes. Bonner admits that he violated Rules 3.4 and 8.4 (a) (4). In mitigation Bonner states that he reached a settlement with opposing counsel and paid the judgment against him; that he has no prior disciplinary history; and that he cooperated with the State Bar by filing this petition. In addition, Bonner attached to his petition letters of apology he sent to opposing counsel and to the court.

We have reviewed the record and the mitigating factors, and accept Bonner's petition for voluntary discipline. Accordingly, the Court hereby orders that Nikki Giovanni Bonner be suspended from the practice of law for a period of six months from the date of this order. He is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar,* for State Bar of Georgia.