S12Y1545. IN THE MATTER OF CHRISTOPHER TODD ADAMS.
(732 SE2d 446)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Christopher Todd Adams (State Bar No. 002715) as part of the disposition of a criminal case. Adams requests a suspension of not less than six months for his violation of Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The State Bar filed a response recommending that the Court accept the petition and suspend Adams for 18 months.

In his petition, Adams admits that he was indicted in 2008 on seventeen counts of false statements under OCGA § 16-10-20, seventeen counts of theft by taking under OCGA § 16-8-2, and one count of criminal solicitation under OCGA § 16-4-7. The charges arise out of his admitted misrepresentation of the number of hours that he worked representing indigent clients and billed to the Gwinnett Judicial Circuit Indigent Defense Program from December 2005 to December 2006. To resolve the matter short of a jury trial, Adams

has agreed to reimburse $10,605.70 to the county, accept a lifetime ban on representing any indigent defendant whose representation is paid through public funds, petition this Court for public voluntary discipline of not less than a six months' suspension from the practice of law, and admit that he violated Rule 8.4 (a) (4). In exchange, the district attorney has agreed to nolle pros the charges in the pending criminal case.

The State Bar filed a response recommending an 18-month suspension based on other cases in which attorneys have been disciplined for making false statements or admissions. In aggravation of discipline, the State Bar noted that Adams received an Investigative Panel Reprimand in 2002, he had a selfish and dishonest motive, and his conduct involved multiple offenses. In mitigation, the State Bar noted that Adams has expressed remorse for his conduct. Adams has submitted letters of support from attorneys, judges, and citizens describing his volunteer work in helping establish a local truancy intervention project, representing indigent defense clients without pay, and serving as a mentor to new attorneys, and further noting his efforts to take responsibility for his actions since his arrest. The Gwinnett County Indigent Defense Governing Committee and other individuals have submitted letters opposing Adams' petition.

Rule 8.4 (a) (4) prohibits lawyers from engaging in professional conduct involving dishonesty, fraud, deceit, or misrepresentation, and a violation is punishable by disbarment. In previous cases involving professional dishonesty, we have imposed suspensions ranging from six months to three years. Compare *In the Matter of Powell*, 285 Ga. 812 (683 SE2d 613) (2009) (three-year suspension for misrepresenting transaction details on federal forms in six real estate transactions) with *In the Matter of Bonner*, 289 Ga. 838 (716 SE2d 224) (2011) (six-month suspension for lying in a deposition and to opposing counsel).

Having carefully considered the petition and record, we conclude that an 18-month suspension is the appropriate sanction and consistent with discipline imposed in similar cases. See *In the Matter of Schwartz*, 278 Ga. 216 (599 SE2d 184) (2004); *In the Matter of Lemmons*, 271 Ga. 582 (522 SE2d 650) (1999). We find the six-month suspension that Adams proposes is insufficient given that he made false statements on 17 occasions, his misrepresentations were related to the practice of law, he had a dishonest motive, and he has previously received a panel reprimand. Cf. *Bonner*, 289 Ga. at 838 (six-month suspension for dishonesty); *In the Matter of Roberts*, 284 Ga. 445 (668 SE2d 256) (2008) (six-month suspension for erroneously informing court that client had filed for bankruptcy); *In the Matter of*

*Maxwell*, 280 Ga. 304 (627 SE2d 16) (2006) (six-month suspension for recording an interview with adverse parties and delivering an edited transcript to adverse counsel). Instead, we agree with the State Bar that an 18-month suspension is appropriate, recognizing as mitigating factors that Adams has acknowledged his wrongdoing, expressed remorse for his actions, and attempted to make amends by representing indigent defense clients without pay. See *Lemmons*, 271 Ga. at 583-584 (imposing two-year suspension for misrepresenting professional status on several occasions when attorney had one prior disciplinary action and refused to acknowledge his wrongdoing).

Accordingly, the Court accepts the petition for voluntary discipline and directs that Christopher Todd Adams be suspended from the practice of law for 18 months. We further direct that Adams' reinstatement is conditioned on his agreeing to a lifetime ban on the representation of any indigent defendant that is paid for with public funds, whether local, state, or federal funds. Adams is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Eighteen-month suspension. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Chandler, Britt, Jay, Beck & Zwald, Walter M. Britt,* for Adams. *Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia. *David S. Lipscomb,* amicus curiae.