S13Y1239, S13Y1241, S13Y1243, S13Y1245, S13Y1246, S13Y1247. IN THE MATTER OF CARIN ASTRID BURGESS (six cases).
(748 SE2d 916)

PER CURIAM.

These matters are before the Court on the Report and Recommendation of the Review Panel in which it recommends that Respondent Carin Astrid Burgess (State Bar No. 095295) be suspended for a

period of two years, with reinstatement upon conditions. The State Bar filed six Formal Complaints against Burgess seeking disbarment, in response to which she filed three timely and three late answers. She filed a Petition for Voluntary Discipline but, because she failed to produce any evidence to support her contention that health and personal information would serve to mitigate discipline, and failed to respond to discovery requests, the special master, Asia Mustakeem, denied the petition, granted a motion for sanctions and struck Burgess's answers. The special master issued a Report and Recommendation finding all the facts and allegations in the complaints deemed admitted by virtue of the failure to answer. The Review Panel approves the special master's findings of fact and incorporates them by reference into its report.

In S13Y1239, Burgess admits that a client retained her to represent him in a personal injury case. She settled the case and received a check for $125,000 payable to Burgess and the client. Burgess did not give her client his full portion of the settlement; instead, she made partial payments that were infrequent and random. The client made trips to Atlanta to meet with Burgess to discuss settlement with no success, and Burgess ceased communicating with her client. After the client filed a grievance with the State Bar and it issued a Notice of Investigation, Burgess failed to submit a sworn response to the notice. By this conduct Burgess violated Rules 1.4, 1.15 (I) (b) and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

In S13Y1241, a client retained Burgess to represent her in a divorce case. Burgess cancelled the hearing because she had not received certain documents from the opposing party. She had limited communication with her client for the next several months and did not inform her client when the divorce became final. By this conduct Burgess violated Rules 1.3 and 1.4.

In S13Y1243, Burgess failed to pay her 2006-2007 Bar dues until March 2007, which caused her not to be in good standing when she represented a client in a custody case in September 2006. Burgess violated Rule 5.5 (a).

In S13Y1245, Burgess represented a client in a divorce case and drafted some pleadings but had limited communication with the client. The client then terminated the representation and hired new counsel. In this matter, Burgess violated Rules 1.2, 1.3 and 1.4.

In S13Y1246, Burgess represented a client in a personal injury case and a domestic relations case. As part of the personal injury case she received $22,122 to hold in trust. A judge ordered Burgess to transfer all monies she held on behalf of the client into the court's registry for child support arrearages, but three months later she had

not done so, and she improperly disbursed funds from her trust account to herself and her client, so the court held her in contempt. Burgess filed a motion to set aside, to vacate and for new trial, but she failed to appear at the hearing so the motion was dismissed. Burgess has not deposited the funds into the court's registry. By this conduct she violated Rules 1.15 (I) (b), 1.15 (II) (b) and 8.4 (a).

In S13Y1247, a client retained Burgess to represent him in a divorce case and paid her $3,000. Burgess did not communicate with the client, and it was his wife, not Burgess, who told him about scheduled mediation. Burgess represented the client at the mediation but failed to communicate with him thereafter, and the client retained new counsel. Burgess failed to return the client's file or refund the fee. Burgess violated Rules 1.3, 1.4, 1.5 (a) and 1.16 (d).

Rules 1.2, 1.3, 1.15 (I), 1.15 (II), 5.5 and 8.4 (a) (4) may be punished by disbarment. The State Bar recommended disbarment, and noted in mitigation that Burgess has no prior disciplinary history, but in aggravation it listed, among other things, dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of her conduct, and indifference to making restitution. The Review Panel agreed that disbarment is justified based on the number of cases and the nature of the violations, but it recognized that Burgess has had no prior disciplinary problems (although it also commented that the cases involve acts and omissions in each year from 2004 to 2010). It posited that the violations that occurred in these cases could be the result of poor law practice management skills. For those reasons, it recommends a two-year suspension with reinstatement conditioned upon Burgess's successful participation in the Law Practice Management Program of the State Bar at her expense, and on providing the Office of General Counsel ("OGC") and the Review Panel with a detailed, written psychiatric evaluation at her expense, concluding that Burgess is fit to practice law and is mentally competent. Upon receipt of the Petition for Reinstatement, the Review Panel will review it and any objections by the OGC, and make a recommendation to the Supreme Court.

The State Bar filed exceptions to the Review Panel Report, concurring in everything except the recommended discipline. It pointed out that although Burgess has no prior disciplinary history, she has committed 16 violations of the rules involving nine rules and multiple violations of all the rules except one. Given the aggravating factors, as agreed to by the Review Panel, the State Bar contends that no prior history is not a sufficient basis for a discipline less than disbarment. It also asserts that attribution of Burgess's violations to poor management skills is irreconcilable with the nature and scope of

the violations and the Review Panel's predicate findings, conclusions and analyses. The State Bar cites *In the Matter of Davis*, 290 Ga. 857 (725 SE2d 216) (2012) (in two cases similar rules violated as in this case warranted disbarment); *In the Matter of Ellison*, 282 Ga. 647 (651 SE2d 746) (2007) (in three cases multiple violations of similar rules; attorney disbarred); and *In the Matter of Williams*, 281 Ga. 558 (640 SE2d 292) (2007) (three violations of Rules 1.15 (I) and 1.15 (II) resulted in disbarment).

Burgess filed her reply to the State Bar's exceptions asking that the Court accept the Review Panel report in its entirety. She cites to *In the Matter of Adams*, 291 Ga. 768 (732 SE2d 446) (2012) and *In the Matter of Porges-Dodson*, 274 Ga. 764 (558 SE2d 721) (2002), in which suspensions were imposed on facts she characterizes as worse than in these cases, and *In the Matter of Ballard*, 279 Ga. 663 (619 SE2d 625) (2005), in which a two-year suspension was imposed where the respondent violated Rules 1.15 (I) and 1.15 (II) but had no prior disciplinary history. She contends the cases cited by the State Bar are inapposite as involving false statements made during the disciplinary process as well as prior disciplinary history. Burgess argues that a two-year suspension with the conditions for reinstatement is a substantial punishment.

We have reviewed the record and carefully considered the arguments of the State Bar, the Review Panel and Burgess. Due to the nature and scope of Burgess's admitted violations and the many aggravating factors (with which the Review Panel does not disagree), we agree with the State Bar that no prior disciplinary history is not a sufficient mitigating factor to balance the many aggravating factors in these matters. Accordingly, we find disbarment to be the appropriate sanction and hereby order that the name of Carin Astrid Burgess be removed from the rolls of persons authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013 —
RECONSIDERATION DENIED OCTOBER 21, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.
*R. Gary Spencer*, for Burgess.