S07Y0645. IN THE MATTER OF MORETON ROLLESTON, JR.

(651 SE2d 739)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar alleging that Respondent Moreton Rolleston, Jr., violated Rules 3.1 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). According to the facts set forth in the Notice of Discipline, continually over the past ten years Rolleston has filed on his behalf and on behalf of his alter ego, the Moreton Rolleston, Jr., Living Trust, actions arising out of a judgment entered against him in a legal malpractice and fraud action in 1995 and the judgment creditors' efforts to collect on that judgment. The Superior Courts in Fulton and Cobb County have entered Bills of Peace and Perpetual Injunctions restraining Rolleston from asserting further claims in this matter and this Court has imposed frivolous appeal penalties against Rolleston in the following cases: *Rolleston v. St. Paul Fire & Marine Ins. Co.*, 274 Ga. XXV (556 SE2d 131) (2001); *Moreton Rolleston, Jr., Living Trust v. Kennedy*, 277 Ga. 541 (591 SE2d 834) (2004); and *Moreton Rolleston, Jr., Living Trust v. Estate of Sims*, 280 Ga. 32, 33 (622 SE2d 849) (2005) (Sears, C. J., concurring specially and stating that "Rolleston has also disgraced the legal profession generally, and thereby forfeited the privilege of practicing law in this State. Accordingly, this Court should utilize its inherent authority to order that he be disbarred."). The Cobb County court found Rolleston's claim barred by res judicata and stated that his complaint "has no justiciable basis in fact or law and is utterly vexatious, utterly frivolous and brought for an improper purpose," *Moreton Rolleston, Jr., Living Trust v. Estate of Rebecca Wight Cherry Sims and Randolph Cherry*, Civil Action file No. 05-1-4017-48. Although Rolleston was personally served with a copy of the Notice of Discipline and submitted some documents and a cursory written response, he did not provide a properly sworn response nor did he provide an explanation of the conduct at issue, see Bar Rule 4-208.3. Accordingly, he is in default, has no right to an evidentiary hearing and is subject to such discipline as this Court may determine, see Bar Rule 4-208.1 (b).

After repeated disciplinary actions and admonitions from Georgia courts at every level, Rolleston has shown no remorse for his actions. To the contrary, he has continued to plague the judicial system with untenable claims for purposes unbefitting of any member of this State's Bar. In fact, on numerous occasions, this Court has personally witnessed Rolleston's recalcitrant behavior, including his open disrespect towards the judiciary and the laws of this state. Due to Rolleston's continuous and flagrant disregard for the ethical standards imposed upon members of the Bar, this Court must employ

its inherent authority over the practice of law in this State to order that Rolleston be disbarred. It is, therefore, hereby ordered that the name of Moreton Rolleston, Jr., be removed from the rolls of attorneys authorized to practice law in the State of Georgia. Rolleston is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar,* for State Bar of Georgia.