## S13Y0482. IN THE MATTER OF MARION JEANNE BROWNING-BAKER.
### (741 SE2d 637)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Myles E. Eastwood who recommends that the responsive pleading filed by Respondent Marion Jeanne Browning-Baker (State Bar No. 090120) to the formal complaint be stricken as a sanction for her wilful failure to participate in discovery; that a default be entered as to all factual allegations set out in the formal complaint; and that Respondent be disbarred for her violations of Rules 1.2, 1.3, 1.4, 1.5, 1.7, 1.16, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). As Respondent has not sought review from the Review Panel, she is deemed to have waived any right to file exceptions with, or make request for oral argument to, the Supreme Court, and the matter is ripe for this Court's review, see Bar Rule 4-217 (c).

The record shows that despite receiving adequate notice of the State Bar's notice of deposition, Respondent waited until the day before the deposition to advise that she could not attend. The State Bar worked with Respondent to re-schedule the deposition and although it again notified her of the new time and date for her deposition, she did not seek a protective order but again waited until just before the deposition to advise that she would not appear. The State Bar moved for sanctions for Respondent's wilful failure to appear at the properly-scheduled deposition, and the special master sought input from the parties as to whether the hearing on that motion could be held through some method of tele-conferencing, since

Respondent apparently resides in the Virgin Islands. Because the State Bar responded that a reliable form of tele-conferencing would be cost-prohibitive, and Respondent failed to respond, the special master entered an order scheduling an "in person" hearing. After Respondent failed to appear, the special master entered his report and recommendation finding that she wilfully failed to attend her noticed deposition despite having received adequate notice thereof, and that she provided no reasonable excuse and made no effort to obtain a protective order. He concluded that her failure to appear, taken together with her failure to respond to his orders, indicated that Respondent was not participating in good faith in this disciplinary matter and that she wilfully ignored her discovery obligations. He therefore granted the State Bar's motion to impose sanctions, struck Respondent's responsive pleading, and entered a default as to all factual allegations in the formal complaint, thereby deeming each of those allegations to have been admitted. The special master was authorized to strike Respondent's responsive pleading under these circumstances. See *In the Matter of Henley*, 267 Ga. 366 (478 SE2d 134) (1996).

The facts, as deemed admitted, are that Respondent, who has been a member of the Georgia Bar since 1992, at one time lived in Germany, and her practice included assisting members of the armed forces with legal issues. In 2007, a retired Army officer retained Respondent to represent him in his divorce case and told her that the divorce would be contested. Respondent associated counsel in North Carolina and attempted to file the divorce there. She told associated counsel that the divorce would be uncontested and that the parties would consent to jurisdiction. The North Carolina court dismissed the complaint for lack of service and questioned why the complaint was filed there given that Respondent's client and his wife had lived in Germany for more than ten years and could not meet the residency and property requirements for North Carolina. The North Carolina attorney also learned that the wife of the Respondent's client had retained Respondent in 2003 with regard to matters relating to her marriage and potential divorce from Respondent's client. Respondent did not withdraw from the representation despite the conflict of interest, and she did not advise her client of the developments in the North Carolina case. Instead, she associated South Carolina counsel in an effort to file the divorce action in that state. Respondent told South Carolina counsel that her client would be able to meet the residency requirements and that his wife would not contest jurisdiction, even though neither representation was true. In her written agreement with her client, Respondent stated that he could not directly contact any local counsel that she retained on his behalf and

when he asked about the restriction, she told him that "it [was] required by [her] state bar." Although the client paid Respondent more than $12,000, she failed to complete his divorce and when he eventually terminated her services, she failed to return his complete file until after this disciplinary proceeding was underway.

Given those admitted facts, we agree with the special master that Respondent has violated Rules 1.2, 1.3, 1.4, 1.5, 1.7, 1.16, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. The maximum sanction for violations of Rules 1.2, 1.3, 1.7, and 8.4 (a) (4) is disbarment, while violations of Rules 1.4, 1.5, and 1.16 can be punished by a public reprimand. Because we find no mitigating circumstances that would dictate a lesser sanction, we accept the recommendation of the special master that disbarment is the appropriate sanction in this case. Accordingly, we hereby order that the name of Marion Jeanne Browning-Baker be removed from the rolls of persons entitled to practice law in the State of Georgia. Respondent is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.