303 Ga. 284
FINAL COPY

S18Y0348.   IN THE MATTER OF SAM LOUIS LEVINE.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the Review Panel, recommending that Sam Louis Levine (State Bar No. 448738) be disbarred for his neglect of matters involving two clients and his misconduct arising out of his contentious divorce proceeding.

The State Bar initiated this matter in September 2016 by filing three formal complaints after Levine rejected notices of discipline. See Bar Rule 4-208.4 (a).   Levine, who was admitted to the Bar in 2004, acknowledged service and filed answers and counterclaims. The Bar served written discovery in December 2016.   In early January 2017, Levine filed a notice of leave of absence in all three matters, covering all but 22 weekdays of 2017; the notice did not list any pending cases in which Levine was counsel of record, but stated that Levine would be on vacation or attending CLE seminars.   The notice further stated, "[a]ll affected judges and opposing counsel shall have ten (10)

days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted." The notice cited Uniform Superior Court Rule 16 and presumably intended to invoke USCR 16.1, which provides that under certain circumstances a leave of absence of 30 days or less shall stand granted without the necessity of a court order.[1] The Bar filed an objection, noting that Levine had attempted to informally negotiate an indefinite stay of the disciplinary proceedings with the first special master appointed, but had not filed a motion for a stay. In mid-February 2017, the Bar filed a motion seeking sanctions for Levine's failure to respond to discovery.

Special Master Patrick H. Head set a hearing on the motion for sanctions in all three matters for March 3, 2017. Upon Levine's objection, the hearing was rescheduled to March 31, because that was one of the days not listed in Levine's notice of leave of absence. Nonetheless, Levine did not respond to the motion for sanctions and did not appear for the hearing; instead, at around 9:00 p.m. on March 30, he sent an email announcing that he would not appear. The email stated that there was no provision under USCR 6.4 that allowed for

---

[1] We have not previously considered whether the Uniform Superior Court Rules apply in Bar disciplinary proceedings and find no need to consider the issue in this case.

a hearing on a motion for sanctions. But see Bar Rule 4-210 (11) (special masters have power to exercise general supervision over discovery matters, including to conduct hearings). The evidentiary hearing was held in Levine's absence, and following the hearing, the special master entered a detailed order concluding that Levine's failure to respond to discovery was willful and intentional. As sanctions, the special master struck Levine's answers, defenses, and counterclaims, with the result being that the facts of the formal complaints were deemed admitted. Rule 4-212 (a) (facts alleged and violations charged in formal complaint shall be deemed admitted if respondent fails to file an answer).

In May 2017, the special master issued his report and recommendation with findings of fact and conclusions of law, recommending disbarment. The facts, as found by the special master and based on Levine's default, show the following. With respect to State Disciplinary Board Docket ("SDBD") No. 6866, Levine was retained to defend a client in five civil actions. The client paid Levine $1,750 to file answers and negotiate settlements. However, Levine failed to file an answer in any of the actions, resulting in a default judgment being entered against the client in one of the cases and his wages

being garnished. Throughout the representation, Levine misled the client about his actions, falsely telling him that he had obtained an extension of time for filing answers and falsely telling him that he was in the process of negotiating settlements. Levine also falsely told the Bar during the disciplinary proceedings that settlement negotiations were ongoing and close to fruition.

The facts underlying SDBD No. 6878 involve Levine's representation of another client. Levine was retained by the client to file suit for damages arising from an automobile accident. Levine filed the suit in April 2011, dismissed it without prejudice in April 2012, and refiled it in October 2012. Levine did very little work on the case for 18 months, and when the case was placed on a trial calendar, Levine, who had another lawyer as co-counsel, filed for a continuance on the day the pretrial order was due, stating that he was unable to act as lead counsel for financial, mental, and physical reasons arising out of his on-going divorce action and preexisting medical issues. In communications with the trial judge, Levine admitted that he had not prepared the case. After a pretrial conference at which the court instructed Levine to designate lead counsel for trial, Levine submitted a letter to the court, asserting that he had a conflict with another case, contrary to his first request for a

continuance. The client then designated the co-counsel as lead counsel, but Levine refused to abide by this direction and instructed co-counsel that he would no longer be needed. Levine ultimately associated, with his client's acquiescence, another lawyer. This third lawyer conducted discovery, including depositions of multiple physicians, and ultimately resolved the matter with a substantial settlement in the client's favor.

The facts underlying SDBD No. 6891 stem from Levine's actions in and related to his divorce case; Levine represented himself during most of the divorce proceedings. The divorce decree awarded various items of property, including the family dog, to Levine's wife. Levine repeatedly refused to allow his ex-wife to retrieve these items and challenged the divorce decree in numerous collateral proceedings, most of which stemmed from Levine's insistence that the dog was a therapy dog that he was entitled to have under the Americans with Disabilities Act. In pursuit of this unwavering belief, Levine filed meritless federal lawsuits against two judges who at different times presided over his divorce action; filed a discrimination complaint against one of the judges; sent a threatening letter to the two judges, with copies to numerous public figures, alleging that the judges had committed heinous

crimes and were suffering from psychiatric disorders; filed meritless lawsuits and police complaints against his brother, whom Levine had asked to act on his behalf after Levine was incarcerated for contempt; filed meritless applications for criminal warrants against his ex-wife and others; and filed meritless applications for temporary protective orders and a separate civil action against his ex-wife. Levine was ultimately held in contempt in the divorce action and was incarcerated for three weeks when he continued to defy the court's orders. To obtain his release, his lawyer negotiated a consent order, which included, at Levine's mother's request, a provision for a psychiatric examination.

Based on Levine's conduct in these three matters, the special master concluded that Levine violated the following Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d): 1.2, 1.3, 1.4, 1.7, 3.1, 3.2, 3.3, 4.1, 4.4, 8.1, and 8.4 (a) (4). The maximum sanction for violations of Rules 1.2, 1.3, 1.7, 3.3, 4.1, 8.1, and 8.4 (a) (4) is disbarment, and the maximum sanction for violations of Rules 1.4, 3.1, 3.2, and 4.4 is a public reprimand.

The special master looked to the American Bar Association Standards for Imposing Lawyer Sanctions for mitigating and aggravating factors and

found that few mitigating but many aggravating factors applied. He concluded that Levine's personal or emotional problems were a mitigating factor, describing them as "self-evident" but noting that Levine offered no medical evidence in the disciplinary proceeding to support his claim of disability. As aggravating factors, the special master found that Levine's misconduct demonstrated a dishonest and selfish motive; there was an extensive pattern of misconduct and multiple offenses; Levine engaged in bad faith obstruction of the disciplinary process by lying to the Bar, intentionally refusing to comply with Bar rules governing disciplinary proceedings, and engaging in deceptive practices; he refused to acknowledge the wrongful nature of his misconduct; and he had substantial experience in the practice of law. The special master noted Levine's sole prior disciplinary offense, a Letter of Admonition in 2009, but did not consider it an aggravating factor. See ABA Standard 9.32 (m) (mitigating factors include remoteness of prior offenses).

The special master recommended disbarment, and although he found that the facts strongly suggested that Levine suffers from the want of a sound mind, such that he would be subject to removal from the practice of law based on

State Bar Rule 4-104 (a), he did not rely on that rule in making his recommendation.

Levine sought review by the Review Panel. The Review Panel granted Levine's motion for oral argument, but ultimately issued a report and recommendation rejecting all of Levine's complaints about the procedure before the special master, adopting the findings of fact and conclusions of law in the special master's report, and recommending that this Court impose the sanction of disbarment.

In this Court, Levine filed three separate exceptions to the report and recommendation, despite there being only one consolidated case in this Court. His filings, which fail to comply with this Court's procedural rules, see Supreme Court Rule 49, are largely duplicative of each other and contain numerous exhibits, most of which are not included in the record established before the special master and many of which are illegible. In addition to filing exceptions to the Review Panel report, Levine filed three separate motions styled "Motion to Dismiss Bar Complaint," which he has supplemented in various forms more than a dozen times. These filings—totaling hundreds of pages—seek to relitigate his divorce and the underlying facts of the two client

matters and make meritless claims challenging the Bar's actions in these disciplinary matters. He also filed a motion to have this Court pay for the production and filing of the written and video transcripts of a hearing in the divorce case, and a motion for appointment of counsel.[2]

As we understand Levine's position, he contends that the entry of the sanctions order was improper and that in the absence of a default, he is entitled to offer evidence to counter the factual allegations of the underlying grievances. We agree with the Review Panel, however, that the special master did not err in striking Levine's pleadings and finding him in default for his willful failure to participate in discovery. Additionally, there was no requirement that the special master enter an order compelling Levine to respond to discovery prior to entering sanctions for his failure to engage in the discovery process. See In the Matter of Burgess, 293 Ga. 783, 784 (748 SE2d 916) (2013) (noting that special master struck respondent's answers for failure to respond to discovery requests and lack of evidence supporting mitigation); In the Matter of Browning-Baker, 292 Ga. 809, 809-810 (741 SE2d 637) (2013) (special master authorized to strike respondent's answer after

_____

[2] These latter motions were denied by separate order entered January 30, 2018.

respondent twice waited until the day before her scheduled deposition before advising that she would not appear and after respondent failed to appear for subsequently scheduled hearing before special master); In the Matter of Hawk, 269 Ga. 165, 166 (496 SE2d 261) (1998) (finding facts alleged in formal complaint were deemed admitted based on special master's striking of respondent's answers as sanction for failure to appear at depositions and to produce documents). See also Rule 4-212 (c) (both parties may engage in discovery under the rules of practice and procedure applicable to civil cases); OCGA § 9-11-37 (b) (2) (C) & (d) (1) (upon failure to serve answers to interrogatories or respond to request for inspection, court may make such orders as are just, including an order striking pleadings or rendering a judgment by default against disobedient party).

In addition to the misconduct in the underlying matters, which amply supports disbarment, the record of the disciplinary proceedings and Levine's filings in this Court strongly support the special master's belief that Levine is not emotionally or mentally fit for the practice of law. Levine persistently ignored Bar Rules that provide an orderly process for contesting allegations of disciplinary violations and instead made multi-pronged, unauthorized attacks

on the disciplinary process. For example, rather than responding to the Bar's discovery, Levine filed Bar complaints against the Investigative Panel member assigned to investigate the grievances against him and against Bar counsel. After the special master issued the sanctions order finding Levine in default, Levine filed a motion to stay discovery, a motion to dismiss the disciplinary proceedings, and a notice of appeal of the sanctions order, directed to the Georgia Court of Appeals because the appeal "stems from a trial court's Order on a Motion." After the special master issued his report and recommendation, Levine filed a motion to disqualify Bar counsel; a motion to recuse the special master based in large part on the special master's prior service as a district attorney;[3] and objections to the report and recommendation, attaching thousands of pages of exhibits that were never made a part of the disciplinary record. Before the Review Panel, Levine submitted voluminous pleadings, including a motion to dismiss and a motion to add his ex-wife, his brother, his mother, and one of the judges who presided over the divorce proceedings as parties in the disciplinary proceeding.

---

[3] Levine also filed wholly meritless motions to recuse the members of the Review Panel and the members of this Court, which motions were denied.

We conclude, as did the special master and Review Panel, that Levine's misconduct in client matters and his extraordinary pattern of abuse of the judicial system and disciplinary process authorize the sanction of disbarment. This resolution is consistent with sanctions imposed in similar cases. See In the Matter of Nicholson, 299 Ga. 737, 740 (791 SE2d 776) (2016) (disbarment where attorney filed false affidavit in court and then engaged in pattern of bizarre, "disrespectful and outrageous conduct throughout the disciplinary process"); In the Matter of Koehler, 297 SE2d 794 (778 Ga. 218) (2015) (disbarment where lawyer repeatedly asserted meritless claims in multiple tribunals and made materially deceitful and misleading statements in court filings); In the Matter of Minsk, 296 Ga. 152 (765 SE2d 361) (2014) (disbarment where lawyer had pattern of making knowingly false statements to his client, the court, and third parties); In the Matter of Rolleston, 282 Ga. 513, 513 (651 SE2d 739) (2007) (disbarment where lawyer repeatedly asserted meritless claims in multiple tribunals, showed no remorse for actions, and "continued to plague the judicial system with untenable claims for purposes unbefitting of any member of this State's Bar").

Accordingly, it is hereby ordered that the name of Sam Louis Levine be

removed from the rolls of persons authorized to practice law in the State of Georgia. Levine is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided March 5, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.