307 Ga. 50
FINAL COPY

S19Y0527. IN THE MATTER OF SHERRI JEFFERSON.

PER CURIAM.

This disciplinary matter is before us on the State Disciplinary Review Board's report and recommendation that this Court disbar Sherri Jefferson (State Bar No. 387645) from the practice of law.[1] The formal complaint upon which these disciplinary proceedings were based alleged that Jefferson, who has been a member of the Bar since 2003, violated Rules 3.3, 4.2, 8.1, and 8.4 set forth in the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The

---

[1] These disciplinary proceedings were commenced before July 1, 2018, and so the most recent revisions to Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules") do not apply. Rather,

> the former rules shall continue to apply to disciplinary proceedings commenced before July 1, 2018 . . . provided that, after July 1, 2018, the State Disciplinary Board shall perform the functions and exercise the powers of the Investigative Panel under the former rules, and the State Disciplinary Review Board shall perform the functions and exercise the powers of the Review Panel under the former rules.

*In the Matter of Podvin*, 304 Ga. 378 n.1 (818 SE2d 651) (2018).

maximum sanction for a violation of each of the relevant rules is disbarment.

Jefferson filed, in response to the formal complaint, an answer and other pleadings. After the resolution of some preliminary matters, including Jefferson's challenges to the competency, qualifications, and impartiality of the special master, Patrick E. Longan, discovery was initiated. However, Jefferson failed to respond to discovery, and the State Bar moved to sanction Jefferson for her failure. The special master granted the motion for sanctions after a hearing at which Jefferson appeared but refused to testify on the grounds that she would be "pleading the Fifth Amendment." In its order, the special master struck Jefferson's answer, found her in default, and deemed the allegations of the complaint to be admitted. See former Bar Rule 4-212 (a) (facts alleged and violations charged in formal complaint shall be deemed admitted if respondent fails to file an answer).

In summary, the facts as found by the special master based on Jefferson's default show the following. Jefferson represented an

individual from 2008 to 2010 in a custody modification action; during the representation, Jefferson and that individual were romantically involved. This relationship led to the filing of a disciplinary matter against Jefferson, but the matter was subsequently dismissed by this Court in 2014. During the pendency of that disciplinary matter, Jefferson's former client began dating another woman and, following the dismissal of that matter, Jefferson hired a private investigator to conduct an investigation including surreptitious surveillance of the former client, his son, and the other woman. Additionally, Jefferson falsely disparaged the other woman to the woman's employer, including making false and misleading statements about the custody proceeding.

Jefferson's actions led the former client and the other woman to file applications for criminal warrants against Jefferson on charges of stalking and defamation. During the warrant proceedings initiated by the former client, Jefferson made false statements to the Magistrate Court of Houston County that she was bound to continue having contact with her former client due to being his attorney in a

pending court case; that a visit to her former client in December 2014 was for legal purposes only; that the other woman was not supposed to have contact with the former client's son; and that the former client's and the other woman's alcohol consumption was in violation of the final order granting the former client custody. During the warrant proceedings initiated by the other woman in the Magistrate Court of Fulton County, Jefferson submitted writings in response, some of them sworn, including baseless and disparaging statements about the former client and the other woman and false statements about her communications with them and others. Jefferson also filed two verified complaints against the Georgia Governor and Attorney General in the United States District Court for the Northern District of Georgia challenging the constitutionality of the Georgia statutes authorizing the warrants described above. In the first complaint, she alleged that, as an attorney, she had conducted a child custody investigation involving the other woman, and that the other woman had filed a falsified police report seeking a warrant. The allegations were false, except

for Jefferson being an attorney, and Jefferson knew they were false. After the first complaint was dismissed, Jefferson made similar false allegations in a second complaint. Jefferson also communicated directly with the other woman concerning the disputes between them, despite Jefferson's knowledge that the woman was represented by counsel in connection with the warrant application as well as the bar grievance that she had made against Jefferson.

Based on Jefferson's conduct, the special master concluded that Jefferson had violated Rules 3.3 (a) (1) (knowingly making false statements to a tribunal), 4.2 (a) (knowingly communicating with a person represented by counsel), and 8.4 (a) (4) (engaging in professional conduct involving dishonesty, fraud, deceit, or misrepresentation). The special master also found that Jefferson had violated Rule 8.1 (a) (knowingly making false statements of material fact in connection with a disciplinary matter) in that she had made knowing misrepresentations of material fact in the course of the disciplinary proceedings by falsely representing to the special master that she did not receive the Bar's discovery request in May

2017 and that she did not receive the Bar's motion for sanctions until

September 2017.[2]

In recommending discipline, the special master considered the American Bar Association Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found that the presumptive sanction for her conduct was disbarment. The special master also found the following aggravating factors, including: the existence of prior discipline, specifically, Jefferson's receipt of an Investigative Panel Reprimand in two cases in 2006; a selfish and dishonest motive, as Jefferson made misrepresentations to multiple tribunals with the intent to deceive and communicated with the other woman with the intent to intimidate her and otherwise affect the outcome of the relevant proceedings; a pattern of misconduct and the existence of multiple violations; bad faith obstruction of, and the submission of false

---

[2] Alternatively to the findings reached as a result of the sanctions order, the special master inferred from Jefferson's invocation of her Fifth Amendment right against self-incrimination throughout the disciplinary proceedings that she had admitted the essential allegations of the charges against her. See footnote 4, infra.

statements in, the disciplinary proceedings; and the refusal to acknowledge the wrongful nature of her conduct. The only factor in mitigation recognized by the special master was the remoteness in time of Jefferson's prior disciplinary violations, and the special master excluded those prior violations from consideration in recommending sanctions. The special master recommended that Jefferson be disbarred.

Jefferson asked that the Review Board review the report and recommendation of the special master.[3] In its report and recommendation to this Court, the Review Board approved the special master's order on motion for sanctions striking Jefferson's answer to the formal complaint.[4] The Review Board further

_____

[3] Jefferson also asked for a de novo hearing before the Review Board. The Review Board denied the request. See former Bar Rule 4-218 (c) ("There shall be no de novo hearing before the Review Panel except by unanimous consent of the Panel.").

[4] The Review Board also concluded that, in a disciplinary proceeding, an adverse inference may be drawn against a respondent as result of his or her refusal to testify or respond to discovery in reliance on the Fifth Amendment right against self-incrimination. See *In the Matter of Henley*, 271 Ga. 21, 22 (2) (518 SE2d 418) (1999) (respondent risked the drawing of an adverse inference had he refused production of documents based upon his privilege against self-incrimination); *In the Matter of Redding*, 269 Ga. 537, 537 (501

7

approved and incorporated the special master's findings of fact, and it agreed, with one exception, with the special master's conclusion that Jefferson violated the Bar Rules. More specifically, the Review Board agreed with the special master that Jefferson violated Rules 3.3 (a) (1), 4.2 (a), and 8.4 (a) (4), but it disagreed with the special master that Jefferson had violated Rule 8.1.[5] The Review Board recommends that Jefferson be disbarred from the practice of law.

Notwithstanding the motion for sanctions resulting in her default, Jefferson now contends that, in light of OCGA § 15-19-32,[6]

---

SE2d 499) (1998) (a response in disciplinary proceedings invoking the Fifth Amendment may result in an adverse inference being drawn by the factfinder). Thus, the Review Board agreed with the special master that either the imposition of the sanctions order or the drawing of an adverse inference against Jefferson would have virtually the same outcome with regard to the findings in the case.

[5] The Review Board disagreed with the special master that Jefferson violated Rule 8.1 (a) because Jefferson's false statements regarding her receipt of discovery requests and the motion for sanctions did not occur until after the filing of the formal complaint. The Review Board agreed with the special master that Jefferson's conduct during the course of the proceedings was dishonest, disrespectful, and disruptive, and found that such conduct could be considered an aggravating factor in determining the appropriate level of discipline.

[6] OCGA § 15-19-32 (previously Ga. Code Ann. § 9-703, enacted 1963) provides: "The rules and regulations governing the unified state bar shall provide that before a final order of any nature or any judgment of disbarment

she may elect to have a superior court jury determine any material issues of fact before a judgment of disbarment is issued. She has filed a motion in this Court purporting to invoke such election. Notwithstanding OCGA § 15-19-32, "[t]he judicial branch of government has the inherent power to regulate the conduct of attorneys and supervise the practice of law[.]" *Henderson v. HSI Financial Svcs.*, 266 Ga. 844, 844 (1) (471 SE2d 885) (1996) (footnote omitted). This power includes attorney "discipline, suspension, and disbarment from the practice of law in this state." Id. at 845 (1) (footnote omitted).  See also *In re Oliver*, 261 Ga. 850, 851 (2) (413 SE2d 435) (1992) ("[M]atters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of this court." (citations and punctuation omitted)); *Wallace v. Wallace*, 225 Ga. 102, 111-112 (3) (166 SE2d 718) (1969) ("[T]hat the legislature has in the past enacted statutes concerning the practice

---

is entered the attorney involved may elect to have any material issues of fact determined by a jury in the superior court of the county of his residence."

of law [does not] indicate that such is a legislative function. This court's recognition of such legislative enactments . . . does not mean that this court intended to, or even could relinquish this judicial responsibility to the legislature."). Jefferson is not entitled to a jury trial under the applicable Bar Rules. See *In the Matter of Ervin*, 271 Ga. 707, 708 (521 SE2d 561) (1999) ("[A]s jury trials are no longer permissible in disciplinary proceedings [given changes to the Bar Rules in 1997, respondent] lacks authority to make a jury trial demand."). Accordingly, Jefferson's motion is denied.

In her exceptions to the Review Board's report,[7] Jefferson contends, among other things, that the special master's report

---

[7] Jefferson's exceptions and her supporting memorandum contain no page references to the voluminous record of the disciplinary proceedings. See Supreme Court of Georgia Rules 19 (although the Court prescribes no particular arrangement for briefs, motions, or other papers, "page references to the record (R-) and transcript (T-) are essential"), 49 (filings in disciplinary matters should comply with Supreme Court rules). Thus, it is not apparent to us whether, or to what extent, many of Jefferson's arguments are supported by the record, nor whether the texts of numerous e-mails embedded within the body of the exceptions constitute an improper attempt to supplement the record. Given the sheer volume of Jefferson's exceptions, we do not list all of them here. To the extent we can understand her arguments, however, we find them to be without merit.

contained numerous misstatements of material fact. However, we agree with the Review Board that the special master did not abuse his discretion in striking Jefferson's answer and finding her in default for her willful failure to respond to discovery. See *In the Matter of Levine*, 303 Ga. 284, 288 (811 SE2d 349) (2018); *In the Matter of Burgess*, 293 Ga. 783, 784 (748 SE2d 916) (2013); *In the Matter of Browning-Baker*, 292 Ga. 809, 809-810 (741 SE2d 637) (2013). See also former Rule 4-212 (c) (both parties to disciplinary proceeding may engage in discovery under the rules of practice and procedure applicable to civil cases); OCGA § 9-11-37 (b) (2) (C) and (d) (1) (where party fails to serve answers to interrogatories or respond to request for inspection, court may make such orders as are just, including an order striking pleadings or rendering a judgment by default against disobedient party).

In light of Jefferson's default, the facts alleged in the complaint were deemed admitted. See former Rule 4-212 (a); *In the Matter of Hawk*, 269 Ga. 165, 166 (496 SE2d 261) (1998) (as the special master struck respondent's answer for intentionally or consciously failing to

act under the discovery rules, the facts alleged and violations charged in the formal complaint were deemed admitted). The factual findings of the special master, as approved by the Review Board, are consistent with the allegations of the complaint and the reasonable inferences to be drawn therefrom. See *Stroud v. Elias*, 247 Ga. 191, 193 (1) (275 SE2d 46) (1981) (a default on the part of the defendant serving to eliminate his answer to the complaint admits only the definite and certain allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom).

We agree with the Review Board that these admitted facts support a finding that Jefferson violated Rules 3.3 (a) (1), 4.2 (a), and 8.4 (a) (4), a violation of any one of which is sufficient to support disbarment. Having reviewed the record, we agree with the Review Board that disbarment is the appropriate sanction. See *In the Matter of Koehler*, 297 Ga. 794, 796 (778 SE2d 218) (2015) (disbarment was appropriate sanction where lawyer repeatedly asserted frivolous claims in multiple tribunals and made materially deceitful and misleading statements in court filings); *In the Matter of Minsk*, 296

12

Ga. 152, 153 (765 SE2d 361) (2014) (disbarment was appropriate sanction where lawyer had pattern of making knowingly false statements to his client, the court, and third parties); *In the Matter of Jones-Lewis*, 295 Ga. 861, 862 (764 SE2d 549) (2014) (disbarment was appropriate sanction where lawyer made false statements to juvenile court). It is hereby ordered that the name of Sherri Jefferson be removed from the rolls of persons authorized to practice law in the State of Georgia. Jefferson is reminded of her duties pursuant to former Bar Rule 4-219 (c).[8]

*Disbarred. All the Justices concur, except Benham, J., not participating.*

DECIDED OCTOBER 7, 2019.
Disbarment.
*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, William Van Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[8] This provision is now located at Rule 4-219 (b).