307 Ga. 307
FINAL COPY

S19Y1156.  IN THE MATTER OF MILLARD C. FARMER, JR.

PER CURIAM.

This disciplinary matter[1] is before the Court on the report and recommendation of the special master, Patrick H. Head, recommending that the Court disbar Millard C. Farmer, Jr. (State Bar No. 255300), for an extensive pattern of disciplinary infractions committed in the course of his representation of a client in post-divorce child custody and related proceedings.  After the State Bar filed its formal complaint in this matter, Farmer filed an answer, which the special master held did not conform to the requirements of applicable Bar Rules.  See Georgia Rules of Professional Conduct,

---

[1] On January 12, 2018, this Court entered an order amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"), including Bar Rule 4-102 (d), which contains the Georgia Rules of Professional Conduct. The order provided that, with two exceptions not applicable here, "these amendments shall be effective as of July 1, 2018 and shall apply to disciplinary proceedings commenced on or after that date."  The order further specified that "the former rules shall continue to apply to disciplinary proceedings commenced before July 1, 2018."

Bar Rules 4-212 (a) and 4-221.2 (b).[2]  After Farmer failed to file an amended answer as ordered by the special master, the special master entered default against Farmer.  Subsequently, the special master issued his report and recommendation, in which he deemed admitted the allegations in the formal complaint.  See Bar Rule 4-212 (a) (upon failure to file proper answer, "facts alleged and violations charged in the formal complaint shall be deemed admitted").  Farmer has never contested the default, nor did he file exceptions to the special master's report.  Upon the record before us, we agree that disbarment is the only appropriate sanction in this case.

The facts as admitted by virtue of Farmer's default are as follows.  Farmer, who was admitted to practice in 1967, was retained in 2008 by a client (hereinafter, "Wife") to pursue a malpractice action against the attorney who had handled her 2006 divorce.  The crux of the claim was that the divorce attorney's negligence had

---

[2] Former Bar Rule 4-221 (e) (2).

resulted in a shortfall of approximately $50,000 from the division of marital property. In 2010, after Wife's ex-husband (hereinafter, "Husband") had been joined as a defendant in the litigation, Farmer refused Husband's settlement offer for the full $50,000 and threatened to make the case "expensive and painful" unless he paid $150,000. Husband ultimately acceded to the demand.

In 2011, Husband filed a petition in Coweta Superior Court to modify the parties' child custody arrangement, and Wife again retained Farmer. Throughout his representation in the custody litigation, Farmer employed litigation tactics that he himself referred to as "Conflictineering," the purpose of which was to disrupt the judicial process to the point that either the court or the opposing party would simply capitulate for the sake of restoring order. In furtherance of this strategy, Farmer filed repeated frivolous motions and pursued baseless appeals, ultimately yielding more than 500 filings in the case, and routinely made ad hominem attacks against parties, the trial judge and court staff, and participants who took positions contrary to those of his client. See, e.g., *Murphy v.*

3

*Murphy*, 328 Ga. App. 767, 773-774 (4) (759 SE2d 909) (2014) (imposing frivolous appeal penalties on Farmer and his client).

In one emblematic episode, Farmer counseled Wife to refuse to participate in the custody evaluation and, in direct violation of an express court order, discussed substantive issues involved in the custody litigation with the parties' children. He then willfully refused to appear at the resulting contempt hearing, after which both he and Wife were held in contempt. See *Murphy v. Murphy*, 330 Ga. App. 169, 175 (6) (a) (767 SE2d 789) (2014).

Farmer threatened witnesses on at least two occasions, the first in an effort to compel the witness to recant after he had testified adversely to Wife, and the second in a preemptive attempt to influence the witness's testimony. The latter instance involved a psychiatrist and former client of his whom he had retained to evaluate the parties' children, whose professional reputation Farmer threatened to destroy if she offered testimony adverse to Wife. Then, after the witness testified contrary to Farmer's preferences, Farmer filed briefs revealing sensitive information the

4

witness had disclosed in confidence in the course of his representation and accusing her of having been under the influence of drugs at the hearing.

After the trial court awarded temporary physical custody to Husband amidst Wife and Farmer's failure to cooperate in the custody evaluation, Farmer directed Wife to instruct her children to resist Husband's exercise of custody through various means, including encouraging them to run away from Husband's home and orchestrating an elaborate scheme to manufacture evidence of child abuse and neglect by Husband. In addition, purporting to act on Wife's behalf, Farmer filed suit against the trial judge's court reporter — against whom he had also filed a professional grievance — and the Board of Court Reporting, which had rejected said professional grievance. After the trial court dismissed the suit on summary judgment, Farmer appealed and, after submitting filings accusing the trial judge of bias and corruption, was subjected to frivolous appeal sanctions. See *Murphy v. Freeman*, 337 Ga. App. 221, 227-229 (2) (787 SE2d 755) (2016) (imposing maximum

5

sanction for multiple willful violations of Court of Appeals Rules and noting likely violations of the Rules of Professional Conduct). According to Wife's later testimony, Farmer persisted in litigating the court reporter suit even after she had instructed him to discontinue it, filing at least one brief that she had not authorized.[3]

In addition to his above-noted sanctioning on no less than three occasions during the custody and related proceedings, Farmer was also more recently found liable, based on the above-described conduct, in a civil Racketeer Influenced and Corrupt Organizations ("RICO") action, see OCGA § 16-14-1 et seq., for multiple acts of racketeering, including attempted theft by extortion, in violation of OCGA § 16-8-16; attempted bribery, in violation of OCGA § 16-10-2; intimidation of a court officer, in violation of OCGA § 16-10-97; influencing witnesses, in violation of OCGA § 16-10-93; and employing interstate travel, in concert with others, to deliberately

---

[3] There was also evidence that Farmer had told Wife, with regard to the custody case, that he would not allow her to dismiss or mediate the case unless he was paid the $500,000 in attorney fees she owed him.

interfere with Husband's lawful custody, in violation of 18 USC § 1952 and OCGA § 16-5-45.

Finally, the record from the disciplinary proceedings below reflects that Farmer has failed to comply with several directives of the special master and, since the filing of his unsatisfactory initial answer, has failed to participate in any way in the proceedings.

These facts establish that Farmer violated Rules 1.2 (a), 1.6 (a), 1.8 (b), 3.1, 3.2, 3.4, 3.5 (d), 4.4, and 8.4 (a) (1) and (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 (a), 1.6 (a), 1.8 (b), 3.4, and 8.4 (a) (1) and (a) (4) is disbarment, and the maximum sanction for the remaining violations is a public reprimand.

As noted by the special master, multiple aggravating factors are apparent in this case, including Farmer's pattern of misconduct; his multiple violations; his intentional noncompliance in the disciplinary proceedings; his mischaracterizations of the facts; his selfish motive; his refusal to acknowledge the wrongful nature of his conduct; his substantial experience in the practice of law; and his

7

apparent indifference to restitution, as demonstrated by his failure to satisfy the judgment in the civil RICO case. The sole mitigating factor, on the other hand, is Farmer's lack of any prior disciplinary history.

On this record, we have little difficulty concluding that disbarment is the appropriate sanction in this matter. See, e.g., *In the Matter of Koehler*, 297 Ga. 794 (778 SE2d 218) (2015) (disbarment warranted for attorney with no prior disciplinary history for engaging in pattern of misconduct involving frivolous filings and misrepresentations, acting without client authorization, and obstructing disciplinary proceedings); *In the Matter of Minsk*, 296 Ga. 152 (765 SE2d 361) (2014) (disbarment warranted for attorney with no prior disciplinary history for making false statements, acting without client's authorization, and failing to make restitution); *In the Matter of Rolleston*, 282 Ga. 513 (651 SE2d 739) (2007) (disbarment warranted for attorney's extensive history of frivolous filings, recalcitrant behavior, and open disrespect for the judiciary). Accordingly, it is hereby ordered that the name of Millard

C. Farmer, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Farmer is reminded of his duties pursuant to Bar Rule 4-219 (b).[4]

*Disbarred. All the Justices concur, except Boggs, J., disqualified, and Ellington, J., not participating.*

DECIDED NOVEMBER 4, 2019.

---

[4] Former Bar Rule 4-219 (c).

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.