312 Ga. 65
FINAL COPY

S21Y0597.  IN THE MATTER OF DAVID J. FARNHAM.

PER CURIAM.

The State Bar initiated this disciplinary matter in 2019 with the filing of a Formal Complaint, charging respondent David Farnham (State Bar No. 255410),[1] with numerous disbarable violations of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), stemming from two grievances.  Without holding a hearing, the Special Master, LaVonda R. DeWitt, granted the State Bar's motion to strike Farnham's answer and discovery responses as a discovery sanction and thereafter issued a Final Report and Recommendation, recommending that the Court disbar Farnham. The Review Board, following briefing and oral argument, recommended that this Court remand the matter to the Special

[1] Farnham was admitted to the Bar in 1986 and previously received disciplinary sanctions in the form of a public reprimand, a letter of admonition, and two investigative panel reprimands.  See *In the Matter of Farnham*, 300 Ga. 645, 647 (797 SE2d 84) (2017).

Master for the completion of discovery and consideration of the case on the merits.  We agree that a remand to the Special Master is appropriate, but for the more limited purpose of a hearing on the motion to strike.

The relevant procedural history is undisputed.  The Bar mailed the Formal Complaint to Farnham on April 12, 2019, and on June 14, he filed an acknowledgment of service, which was dated May 22. Farnham filed his answer on June 25, after obtaining an extension of time; in his answer, he denied any wrongdoing.

On August 5, the State Bar e-mailed Farnham and requested that he provide dates on which he would be available for a deposition over the next 45 days.  Farnham's assistant replied on August 7, stating that Farnham had become very ill during the last week of July; that Farnham's doctor had recommended several treatments that would prohibit his return to work until September; and that she would be unable to schedule anything until there were further updates on his health.  On August 12, the State Bar sent another e-mail requesting dates in September that Farnham would be

2

available for a deposition and asking Farnham to file a medical leave of absence. One of Farnham's employees promptly e-mailed the State Bar an "Emergency Medical Leave of Absence" that included a statement from a doctor indicating that Farnham had been in his care since July 29 and would be able to return to work on August 26. In response, the State Bar stated that it was willing to delay the proceedings until the following month and requested that Farnham provide dates that he would be available for a deposition in September. After receiving no reply, the State Bar e-mailed Farnham on August 15, stating that it was prepared to notice the deposition for a date not covered by the medical leave if he did not provide responses by 10:00 a.m. the following day addressing whether there were any court dates that would conflict with a deposition and Farnham's preference for a location. The next morning, Farnham's assistant replied that the best dates for Farnham were September 25 or 26 and that he would come to the State Bar's headquarters. The State Bar then served Farnham with discovery, including interrogatories and requests for admissions and

3

production of documents. Eventually, Farnham and the State Bar agreed to set Farnham's deposition for October 11 at the State Bar's headquarters, but then agreed to reschedule for October 15, and the Bar noticed the deposition for that date.

Meanwhile, on September 8, the Special Master e-mailed the parties to request a scheduling conference, and, after receiving no response from Farnham, notified the parties on September 13 that the conference would be held, by telephone, on September 19 at 4:00 p.m. Farnham responded on September 16, stating that his August medical leave pushed his cases into September, making scheduling difficult; and suggested September 20 as an alternate date for the conference. The conference with the Special Master was held by telephone on September 20, and during that conference, Farnham requested that his deposition be rescheduled for November 5 and that he be allowed an extension until October 28 to respond to the State Bar's outstanding discovery requests. With the State Bar's agreement to those requests, the Special Master issued a scheduling order on September 23, giving Farnham until October 28 to respond

4

to the discovery requests and setting the deposition for November 5 at the State Bar's headquarters. The State Bar also formally noticed the deposition. On October 29, Farnham filed a "Rule 5.2 Certificate," see Uniform Superior Court Rule 5.2 (2),[2] stating that he had served his discovery responses by mail on October 28. However, the responses received by the State Bar were not verified and did not include a response to the request for documents.

On November 4, at 5:58 p.m., the evening before his deposition, Farnham e-mailed the State Bar, stating that he had been ill all weekend and would not be able to appear for his deposition and that the parties would need to modify the scheduling order to reschedule it. He indicated that his doctor would reevaluate him the following week and suggested that the parties reschedule for another date

---

[2] Uniform Superior Court Rule 5.2 (2) provides: "A party serving Interrogatories, Requests for Production of Documents, Requests for Admission and Answers or responses thereto upon counsel, a party or a non-party shall file with the court a certificate indicating the pleading which was served, the date of service (or that the same has been delivered for service with the summons) and the persons served." This Court has not addressed whether the Uniform Superior Court Rules apply in Bar disciplinary proceedings. See *In the Matter of Levine*, 303 Ga. 284, 285 n.1 (811 SE2d 349) (2018).

after November 15. The follow morning, Farnham provided to the State Bar a doctor's letter, which was dated November 4 and stated that "it remains medically necessary that [Farnham] only work part time for at least the next 2 weeks [and that he] cannot participate in a jury trial for at least the next 2 weeks." The State Bar responded that it was not willing to suspend disciplinary proceedings while Farnham continued to show up in court and represent clients; that it intended to appear at the appointed time and make a record; and that Farnham should present the Special Master with any legally sufficient requests to reschedule. Farnham responded with a lengthy e-mail, stating that he had been quite ill, he intended to defend himself, and he had confidence that when all the facts were examined, the situation would appear much differently than as alleged in the Formal Complaint. Farnham did not appear for his deposition and did not contact the Special Master. The State Bar went forward with the deposition, made a record of Farnham's non-appearance, and offered various exhibits, including the e-mail threads about his non-appearance. On November 6, the

6

State Bar e-mailed the Special Master about Farnham's failure to appear, and although Farnham was copied on the e-mail, he did not respond.

On November 22, the State Bar filed its motion to strike Farnham's pleadings, citing Bar Rule 4-212 (c) (parties in disciplinary matters may engage in discovery under rules applicable in civil cases) and OCGA § 9-11-37 (providing for sanctions for failure to comply with discovery orders and requests). After obtaining an extension of time for responding, Farnham filed a brief in opposition on December 26, stating that he had chronic fatigue syndrome and thyroid issues; that as a result of Bar counsel inappropriately providing information to the Special Master about unrelated grievances, his symptoms flared the week before his deposition; that he could not travel the two hours each way and sit for a deposition on November 5; that he spent all of November 6 in his doctor's clinic receiving treatments; and that he was ready and able to sit for a deposition before January 10, 2020, when discovery was scheduled to end, except for January 6 to 8, when he would be

out-of-town. He also asserted that he turned over to his staff full discovery responses for mailing, including a response to the request for documents and a signed sworn verification of his discovery responses. He attached his response to the document request to his brief and stated that his staff was out of the office and that he had not been able to locate the signed verification. Additionally, he provided details about personal difficulties that coincided with the allegations of one of the grievances at issue here and that could be relevant to mitigation. He cited case law supporting the proposition that while a total failure to respond to discovery may authorize immediate sanctions, striking pleadings is the harshest sanction, which should be reserved for extreme cases. See *Schrembs v. Atlanta Classic Cars, Inc.*, 261 Ga. 182, 182-183 (402 SE2d 723) (1991).

Without holding a hearing, the Special Master entered an order on January 17, 2020, granting the State Bar's motion to strike. In the order, the Special Master determined that Farnham's responses to the State Bar's discovery requests were insufficient in

8

several ways; that Farnham acted willfully in failing to submit adequate responses; that he willfully refused to be deposed; and that his disregard of his obligations related to the disciplinary matter were not the result of his health and medical issues but were due to the backlog in his law practice. The Special Master concluded that the State Bar was entitled to relief under OCGA § 9-11-37 (d) (1), which provides that when a party fails to appear for a deposition, answer interrogatories, or respond to document requests, a court may impose those sanctions authorized by OCGA § 9-11-37 (b) (2) (A)-(C), which includes the striking of pleadings. She also determined that it was appropriate to impose the immediate sanction of striking Farnham's pleadings based on his willful refusal to participate in discovery over a significant period of time and the fact that his failure to comply was in violation of the scheduling order. Pursuant to the order striking Farnham's pleadings, the facts alleged and violations charged in the formal complaint were deemed admitted, see Bar Rule 4-212 (a), and the Special Master concluded that such facts and violations warranted disbarment.

9

The Review Board, however, in addressing the order striking Farnham's pleadings, noted that courts generally have been reluctant to impose the harshest sanction without first determining that a party's failure to engage in discovery was willful following notice and an opportunity to be heard. See *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 210 (538 SE2d 441) (2000) (setting forth two-step process under OCGA § 9-11-37 for imposition of dismissal as sanction). It concluded that the circumstances here did not warrant the striking of Farnham's pleadings and recommended that this Court remand the matter to the Special Master for the completion of discovery and consideration of the case on the merits and that if Farnham fails to comply with discovery, resulting in the imposition of other sanctions, the Special Master should set a hearing on factors to consider in aggravation and mitigation of the level of discipline that may be imposed.

The State Bar has filed exceptions to the Review Board's report, arguing, in relevant part, that the Review Board lacked the authority to recommend a remand. Instead, it asserts that this

Court must either treat the Review Board's recommendation as a nullity and issue our own conclusions of law based on the Special Master's factual findings or remand the matter to the Review Board to either recommend the imposition of discipline or the dismissal of the formal complaint. Farnham, in responding to the State Bar's exceptions, asks that the Court accept the Review Board's recommendation or impose a suspension of six months.

After our review of the lengthy record and the parties' extensive briefs, we conclude that under these circumstances, a hearing ought to be held on the State Bar's motion to strike. As an initial matter, we reject the State Bar's contention that this Court's review of a disciplinary matter is somehow constrained. See *In the Matter of Turk*, 267 Ga. 30, 31 (471 SE2d 842) (1996) (because this Court has inherent and exclusive power to regulate the practice of law, it exercises ultimate discretion in disciplinary proceedings); see also *In the Matter of Wadsworth*, 307 Ga. 311, 312 (835 SE2d 632) (2019) (noting Court's authority and discretion in bar disciplinary matters); Bar Rule 4-218 (This Court will consider reports of Special

11

Master and Review Board, exceptions thereto, and responses, and enter judgment upon the formal complaint).

Additionally, we note that the disciplinary cases in which we have affirmed the imposition of the harshest sanction without a hearing have involved a party's total failure to respond to discovery or to provide any explanation for the failure to meet his discovery obligations, neither of which circumstance is present here. See *In the Matter of Johnson*, 308 Ga. 233, 235 (838 SE2d 755) (2020) (lawyer failed to respond in any way to discovery requests or to offer any explanation for the failure to respond); *In the Matter of Burgess*, 293 Ga. 783, 784, 786 (748 SE2d 916) (2013) (special master struck pleadings in six matters after respondent filed only three timely answers, filed a petition for voluntary discipline without producing any evidence to support contention that health and personal information would serve to mitigate discipline, and failed to respond to discovery requests; in this Court, respondent did not challenge striking of pleadings); *In the Matter of Washington*, 270 Ga. 60, 60 n.1 (504 SE2d 704) (1998) (special master struck answer after

respondent failed to produce requested documents and failed to comply with two orders of the special master ordering him to produce the documents); *In the Matter of Henley*, 267 Ga. 366, 367 n.4 (478 SE2d 134) (1996) (special master struck answer as sanction for failing to respond to discovery requests that were served with complaint even after being ordered to do so by special master).  See also *In the Matter of Levine*, 303 Ga. 284, 284-285 (811 SE2d 349) (2018) (special master struck pleadings following an evidentiary hearing on motion for sanctions for complete failure to respond to discovery where respondent failed to attend hearing); *In the Matter of Jefferson*, 307 Ga. 50, 51 (834 SE2d 73) (2019) (special master struck pleadings following a hearing on motion for sanctions for complete failure to respond to discovery where respondent attended hearing but refused to offer testimony); *In the Matter of Browning-Baker*, 292 Ga. 809, 810 (741 SE2d 637) (2013) (special master struck pleadings after respondent twice waited until day before deposition to advise that she would not appear and failed to appear at hearing on motion for sanctions).

Accordingly, we vacate the Special Master's order striking Farnham's pleadings, the Special Master's Report and Recommendation, and the Review Board's Report and Recommendation, and we remand this matter to the Special Master for a hearing on the State Bar's motion to strike. If the Special Master denies the motion to strike, the matter should proceed with discovery and a hearing on the merits of the formal complaint. See Bar Rule 4-213. If the Special Master again grants the motion to strike and finds Farnham in default as a result, she should nevertheless set a hearing to consider any matters in mitigation or aggravation of punishment that the parties may wish to present. See *In the Matter of Nicholson*, 299 Ga. 737, 738 (791 SE2d 776) (2016) (noting that special master considered respondent's evidence in mitigation after denying respondent's motion to set aside default); *In the Matter of Miller*, 291 Ga. 30, 30 (727 SE2d 124) (2012) (noting that special master considered respondent's evidence in mitigation after granting State Bar's motion for default); *In the Matter of Perkins*, 255 Ga. 176, 176 (336 SE2d 254) (1985) (noting that special

14

master considered respondent's evidence in mitigation after denying respondent's motion to open default).  Compare Bar Rule 4-208.1 (b) (unless Notice of Discipline is rejected, respondent shall be in default and "shall have no right to *any* evidentiary hearing") (emphasis supplied).

*Vacated and remanded with direction.  All the Justices concur.*

Decided June 21, 2021.

Discovery; motion to strike.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar,* for State Bar of Georgia.

15