312 Ga. 808
FINAL COPY

S22Y0085. IN THE MATTER OF MONTE KEVIN DAVIS.

PER CURIAM.

This disciplinary matter is before the Court on special master Jo Carol Nesset-Sale's report and recommendation, in which she recommends that this Court accept the Second Amended Petition for Voluntary Discipline filed by Respondent Monte Kevin Davis (State Bar No. 212065), after the filing of a formal complaint, see Bar Rule 4-227 (c), and impose a public reprimand for Davis's admitted violation of Rule 3.1 (a) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). We agree that a public reprimand is appropriate under the circumstances of this case.

As recounted by the special master, Davis admitted that he sent a text message to a former client (the "grievant") in an attempt to coerce her into discussing with him a domestic dispute that had blossomed into a legal matter in which Davis was acting on behalf of the grievant's domestic partner, who also was a friend and a

former client of Davis's. In the text message, Davis indicated that he was aware of the grievant's status as an "illegal alien"; threatened that he would call the U.S. Immigration and Customs Enforcement ("ICE") and have the grievant "picked up" if she refused to call him back; and advised the grievant that he was aware of her address.

Based on this text message, the State Bar filed a Formal Complaint against Davis alleging violations of Rules 1.6, 1.8 (b), 1.9 (c), and 3.1 (a) of the Georgia Rules of Professional Conduct. Rather than answer the complaint, Davis filed a petition for voluntary discipline admitting a violation only of Rule 3.1 (a) and requesting a public reprimand. After some discussions with the Bar, Davis amended his petition twice to add additional information about his prior disciplinary history and about the basis for his knowledge of the grievant's immigration status.

In his second amended petition, Davis, who became a member of the Bar in 1994, admitted that he was personal friends of the grievant's domestic partner; that he had consulted with that man

regarding several business and family matters over the last 13 years; that he was aware that the grievant and her domestic partner had been involved in a long-term, tumultuous personal relationship and had a child together; that he represented the grievant in 2008 or 2009 in connection with a matter arising from a traffic accident; that he learned, through his social relationship with the grievant's domestic partner, that the grievant was an undocumented immigrant; that beginning in May 2018, after the domestic partner contacted him about an incident involving the grievant, he tried to contact her in an effort to amicably resolve the dispute, but was unsuccessful; that he subsequently became aware that the grievant alleged that the incident involved criminal violence against her by her domestic partner; that he still believed he could mediate the dispute between them; and that, toward that end and in an effort to have the grievant contact him, he sent her the above-described text message on behalf of the domestic partner. Davis admits that sending the text was impulsive, reckless, and inconsiderate, but avers that he did not intend to scare the grievant (although he

3

concedes that in hindsight he "realize[s] how that text may've caused her emotional distress") and that he did not share the information contained in the text with anyone other than the grievant.

After considering the petition, the special master determined that the admitted facts were sufficient to authorize the conclusion that Davis committed a violation of Rule 3.1 (a) ("[A] lawyer shall not . . . take . . . action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."). The special master noted that Davis had asserted in his petition that he did not technically "represent" the domestic partner at the time he sent the text, but found that assertion to be at odds with the other evidence, including Davis's admission that he had consulted with the domestic partner on several business and family matters over the years and the language of the text itself, which suggested that Davis was acting on behalf of the domestic partner. The special master further found that the language of the text and the surrounding circumstances established that sending the text served merely to harass or maliciously injure

4

the grievant, as the reference to her immigration status and the threat to call immigration services had no connection to the domestic violence allegations the grievant had leveled against her partner or the concomitant personal dispute that Davis claimed he was trying to mediate.

Next, the special master concluded that a public reprimand — the maximum sanction for a violation of Rule 3.1 (a) — was the appropriate level of discipline for Davis's violations given the ABA Standards for Imposing Lawyer Discipline, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). The special master then considered the factors in aggravation and mitigation of discipline. Although Davis admitted that he had three instances of prior discipline,[1] neither the Bar nor the special master attempted to use Davis's prior disciplinary history as an aggravating factor, see

---

[1] Davis admitted that he had received an Investigative Panel Reprimand in July 2011 for failing to file a sworn response to an Investigative Panel inquiry and that he had received two Formal Letters of Admonition, one in October 2008 for failing to file a sworn response to an Investigative Panel inquiry and another in September 2010 for failing to return a client's file and "failing to include [his] name in his trade name."

ABA Standard 9.22 (a), or to trigger the recidivist provisions of the Bar Rules, see Bar Rule 4-103, noting that the conduct underlying his prior offenses was different in kind from the current offense and that the prior offenses were remote in time. See *In the Matter of Levine*, 303 Ga. 284, 287 (811 SE2d 349) (2018) (remoteness of prior offenses is mitigating). Nevertheless, the special master found in aggravation that Davis acted with a dishonest motive (albeit not for personal gain or enrichment); that the victim of his conduct was vulnerable to his threats due to her undocumented status; and that Davis had substantial experience in the practice of law. See ABA Standard 9.22 (b), (h), and (i). In addressing whether to apply the aggravating factor of "multiple offenses," see ABA Standard 9.22 (d), the special master noted that, although the Bar brought other charges against Davis as a result of his sending this text, all parties agreed that the case could be resolved through Davis's admission that he violated Rule 3.1 (a).

In mitigation, the special master found that Davis made full and free disclosure to the disciplinary board and displayed a

cooperative attitude during these proceedings; that he had expressed in his petition genuine remorse for his conduct; and that his prior offenses were remote in time. See ABA Standard 9.32 (e), (l), and (m). In declining to apply the mitigating factor of "personal and emotional problems," the special master took note of the various personal and professional problems Davis has experienced because of the COVID-19 pandemic and the pendency of this matter, but observed that he had provided no evidence that he was suffering from any personal or emotional problems at the time of the underlying conduct. See ABA Standard 9.32 (c). Similarly, the special master noted that, although Davis had apologized for his actions, he was not entitled to application of the mitigating factor of "timely good faith effort to make restitution," because he did not apologize until after this matter had been initiated. See ABA Standard 9.32 (d). Thus, the special master recommends that this Court accept Davis's petition for voluntary discipline and impose a public reprimand for his admitted violation of Rule 3.1 (a).

Having reviewed the record, the Court agrees that the imposition of a public reprimand is an appropriate sanction in this matter. Accordingly, we accept the petition for voluntary discipline and direct that Monte Kevin Davis receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rule 3.1 (a).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*


Decided November 2, 2021.

Public reprimand.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, William Van Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.