## S12Y1389. IN THE MATTER OF CLARK JONES-LEWIS.

(732 SE2d 79)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Michael E. Sumner, who recommends that the Court impose a six-month suspension from the practice of law and a public reprimand on Clark Jones-Lewis (State Bar No. 398595) for her failure to promptly remit a client's money to the client.

Following the filing of a formal complaint, Jones-Lewis filed a petition for voluntary discipline, which she later amended. After a hearing, the special master found that Jones-Lewis was admitted to the Bar in 1985 and previously received a Review Panel reprimand. See *In the Matter of Jones-Lewis*, 287 Ga. 581 (697 SE2d 836) (2010). This action arises out of her representation of a client in a domestic matter. In July 2007, the trial court ordered a receiver to disburse $10,000 in legal fees to Jones-Lewis and $2,000 per month to her client for support and maintenance. In August 2007, Jones-Lewis received a wire transfer of $14,000 into her IOLTA account, but she did not remit the $4,000 to her client when she received it. After the client retained new counsel in 2010 and filed a grievance, Jones-Lewis paid the client $4,000 plus $1,000 interest. In her initial petition for voluntary discipline, Jones-Lewis admitted that she, in haste and with negligence, treated the $4,000 transfer as earned legal fees and retained it in her operating account. She stated that upon confirmation of this error, she delivered a check to the client for $5,000, representing his $4,000, plus $1,000 in interest.

In her amended petition, filed several weeks after the first petition, Jones-Lewis recanted her previous admissions about depositing the $4,000 into her operating account, and she stated that she paid the client $4,000 in cash on August 6, 2007. She produced a check from her IOLTA account payable to cash and dated August 4, 2007, as well as an undated statement of account signed by the client. She further stated that the client thus received $9,000, which was more than he was entitled to, and offered this fact as a mitigating factor in support of her request for a one-month suspension. She explained her failure to provide this explanation earlier by stating

that she had not previously located the closed file box containing the check and statement of account and could only assume she had negligently treated the wire transfer as anticipated legal fees. In response to the special master's request for documents, Jones-Lewis produced bank records and wrote in a cover letter that she actually paid the client $7,156.90 in cash and other payments, not the $9,000 as stated in the amended petition. At the hearing, Jones-Lewis testified that she paid the client $2,156.90 before he filed the grievance and $5,000 afterwards. The client's new lawyer testified that Jones-Lewis ignored his phone calls and letters inquiring about the money and did not respond until after the grievance had been filed. He also opined that Jones-Lewis had not earned the $10,000 in attorney fees in the underlying domestic case.

In his conclusions of law, the special master noted that Jones-Lewis admitted violating Rules 1.2, 1.15 (I) (b), 1.15 (II) (b), and 1.16 (d) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.15 (I) (b), and 1.15 (II) (b) is disbarment. The maximum sanction for a violation of Rule 1.16 (d) is a public reprimand. The special master did not find any mitigating circumstances. He acknowledged Jones-Lewis's statement that she had repaid the client more than he was owed but noted that she did not take any action until her client hired separate counsel and filed a grievance with the State Bar. He also found that Jones-Lewis filed contradictory statements in her responses in this matter, notwithstanding the serious nature of the Formal Complaint and her having been sanctioned in an earlier disciplinary matter. Thus, considering all the facts, he recommended imposition of a six-month suspension and a public reprimand.

Having reviewed the record, we conclude that the appropriate sanction is a six-month suspension and the imposition of a public reprimand. Accordingly, it is hereby ordered that Clark Jones-Lewis be suspended from the practice of law in Georgia for six months, effective as of the date of this opinion, and that a public reprimand be imposed in accordance with Rule 4-102 (b) (3). Jones-Lewis is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Six-month suspension and public reprimand. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.