In the Supreme Court of Georgia

Decided:    October 6, 2014

S14Y1759.  IN THE MATTER OF CLARK JONES-LEWIS.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Andrew W. Jones, who recommends that Respondent Clark Jones-Lewis (State Bar No. 398595) be disbarred for her violations of Rules 3.3 (a), 5.5 (a), and 8.4 (a) (1) of the Georgia Rules of Professional Conduct.  See Bar Rule 4-102 (d).  Although Jones-Lewis was personally served with a Formal Complaint, she failed to file a response within 30 days.  Accordingly, she is in default, and the facts alleged and the violations charged are deemed admitted.  See Bar Rule 4-212 (a).

The facts, as deemed admitted, show that on January 8, 2013, Jones-Lewis called a Special Assistant Attorney General ("SAAG") for the Fulton County Department of Family and Children Services and told him that she had interviewed a biological mother and was interested in becoming involved in a case regarding a baby girl who had come into the Department's temporary legal

custody. On January 9, Jones-Lewis again called the SAAG to discuss the case and asked him if he would agree to a pre-trial conference with the judge. Jones-Lewis told the SAAG that she had families that were interested in adopting the child and that she would contact the court for a conference. Jones-Lewis then contacted the chambers of the juvenile court judge and spoke with his legal assistant. Jones-Lewis told the legal assistant that she was an attorney interested in setting up a pre-trial conference regarding the child and that she represented the child's grandparents. Jones-Lewis requested a continuance of the January 10 hearing that was scheduled on the matter and called the SAAG on January 10 to tell him that she was ill and would not attend the hearing regarding the child. In fact, however, this Court had suspended Jones-Lewis from the practice of law for six months as of October 1, 2012, and ordered a public reprimand, see In the Matter of Jones-Lewis, 291 Ga. 651 (732 SE2d 79) (2012), so she was not allowed to practice law at that time.

By her conduct, Jones-Lewis made false statements to a tribunal (the juvenile court), practiced law in violation of the regulation of the legal profession, and made misrepresentations to the SAAG and the court, thereby violating Rules 3.3 (a), 5.5 (a), and 8.4 (a) (1). The maximum penalty for a

violation of any of these rules is disbarment.

In aggravation of discipline, the special master recited Jones-Lewis's past disciplinary history, including the above-noted suspension and public reprimand in 2012; a Review Panel reprimand in 2010, see In the Matter of Jones-Lewis, 287 Ga. 581 (697 SE2d 836) (2010); and an Investigative Panel reprimand in 1997. Under Bar Rule 4-103, a third or subsequent disciplinary infraction shall, in and of itself, constitute grounds for disbarment. The special master also found that Jones-Lewis acted with a dishonest or selfish motive.

After review of the record, we agree with the special master that disbarment is the appropriate discipline in this matter. Accordingly, the name of Clark Jones-Lewis is hereby removed from the rolls of attorneys authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.