In the Supreme Court of Georgia

Decided:    October 5, 2015

S15Y1852.  IN THE MATTER OF PAUL R. KOEHLER.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of Special Master Brian D. Burgoon, filed in response to the Formal Complaint of the State Bar, which seeks the disbarment of Paul R. Koehler (State Bar No. 427600).  The State Bar's Formal Complaint was filed in August 2014, and, following a timely answer to the complaint, Koehler suffered an injury that resulted in his filing requests for a leave of absence from the proceedings.  On January 20, 2015, the special master entered an order giving Koehler leave until January 31, 2015, informing him of the Bar's expressed intention to move for summary judgment and setting a time period for his response, and instructing him of what to do should he require further leave, which he subsequently did not seek.  The State Bar filed its motion for summary judgment on January 27, 2015, and, following proceedings concerning Koehler's request to depose the grievant in this disciplinary action and the

grievant's co-defendant in the civil litigation out of which this matter arose, the deadline for Koehler to respond to the motion for summary judgment was repeatedly extended until a April 13, 2015 deadline was established. On April 6, 2015, Koehler submitted, among other filings, a motion to dismiss this matter, which the special master denied in an order issued May 1, 2015, that also granted the State Bar's motion for summary judgment. Koehler submitted two untimely-filed documents in response to the May 1 order, both of which raised issues from the underlying civil litigation and challenged the special master's decision not to allow the requested depositions.

The facts, as found by the special master, show that Koehler, who was admitted to practice law in 1963, represented a woman in a civil action against the grievant in this matter and his son, who had been married to the plaintiff and who the complaint alleged had engaged in a fraudulent transfer of real property to shield assets from being used to satisfy his child support obligations. Summary judgment was granted against the plaintiff in that action and, while the appeal of that judgment was pending in the Court of Appeals, the plaintiff died. The Court of Appeals remanded the case to the superior court in May 2009 for the substitution of a proper party, but no motion to substitute was filed, and, in

2

March 2011, the court granted the defendants' motion to dismiss for failure to timely substitute. Koehler appealed the dismissal, but the Court of Appeals dismissed the appeal and the subsequent motion for reconsideration, and this Court denied Koehler's petition for writ of certiorari, the initial motion for reconsideration, and a motion to allow a second motion for reconsideration. As noted by the special master, as of November 5, 2012, the date of this Court's order denying the motion to allow a second motion for reconsideration, the issue concerning substitution was fully and finally decided against Koehler and the decisions of this Court and the Court of Appeals were binding as to future proceedings.

During the pendency of the underlying proceedings, the Fulton County Probate Court appointed the County Conservator, Ann Herrera, as conservator and then administrator of the deceased client's estate. Koehler was engaged by Herrera to continue the then-pending litigation, but the engagement granted Koehler no further authority to act on Herrera's behalf. Despite that lack of authority, during the pendency of the appeal of the March 2011 order, Koehler sought in the superior court to substitute Herrera as the party plaintiff in her capacity as administrator of the estate, which the superior court denied for lack

of jurisdiction, as well as denying a subsequent motion for new trial, which sought to challenge the denial of the motion to substitute. Koehler also filed, without first consulting Herrera, a federal civil action naming Herrera as the plaintiff and alleging a conspiracy among the defendants and the trial judge to prevent the estate from asserting its rightful claims. The federal civil action, which was dismissed by Koehler at Herrera's behest after she learned that the action had been filed, omitted relevant details from the complaint and made materially deceitful and misleading statements. After this Court's November 5, 2012, order denying Koehler leave to file a second motion for reconsideration, he continued filing motions in the superior court attempting to contest its resolution of the issues already definitively disposed of by this Court and the Court of Appeals on appeal, and filed notices of appeal to the Court of Appeals regarding the denials of two of those motions. On October 10, 2013, Herrera discharged Koehler from representation of the estate, but when Koehler moved to withdraw the appeals he had filed, the Court of Appeals imposed sanctions against Herrera, as the resolution of the prior appeal rendered these subsequent appeals frivolous. Furthermore, despite having been discharged by Herrera, Koehler continued to file frivolous motions on behalf of the estate and hold

himself out in those filings as the attorney for the estate.

Based on these facts, the special master found that Koehler had committed violations of Rules 1.2, 1.4, 3.1, 3.3, 4.4, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 3.3, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 3.1, and 4.4 is a public reprimand. In mitigation, the special master noted only that Koehler lacked a prior disciplinary record, but in aggravation, the special master noted that Koehler had a dishonest or selfish motive, that the facts showed multiple offenses indicative of a pattern of misconduct, that Koehler had engaged in bad faith obstruction of the disciplinary proceeding, and that Koehler had failed to acknowledge his wrongful conduct. After reviewing all issues pertinent to the resolution of this matter, the special master recommends that Koehler be disbarred.

Koehler has filed in this Court a response to the special master's report and recommendation, much of which is given over to a discussion of the substitution issue in the underlying civil litigation and accusations concerning the actions of the grievant and his co-defendant in that litigation. Koehler continues to state that he has done nothing warranting the imposition of the

suggested punishment. Koehler's arguments against the specific accusations of the Formal Complaint are largely unresponsive to the claims presented there.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Paul R. Koehler be removed from the rolls of persons authorized to practice law in the State of Georgia. Koehler is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.