301 Ga. 789
FINAL COPY

S17Y0883. IN THE MATTER OF JAMES HUGH POTTS II.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel of the State Bar, recommending that respondent James Hugh Potts II (State Bar No. 585677) receive a public reprimand as substantially similar reciprocal discipline, due to his six-month "suspension" from the "Trial Bar" for the United States District Court for the Northern District of Illinois on November 4, 2016. After receiving notification of the sanction against Potts, the State Bar filed a notice of reciprocal discipline, pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct, as set forth in Bar Rule 4-102 (d). Potts thereafter filed a response, to which the Bar replied, and a hearing was held before the Review Panel.

The record shows that the discipline imposed against Potts by the Illinois federal court arose from his participation, along with co-counsel, in a 2013 qui tam lawsuit, filed pursuant to the federal False Claims Act. The judge

overseeing those proceedings found that Potts had authorized and acquiesced in the filing of an affidavit in support of his co-counsel's admission to practice before that court, which contained misstatements about the nature and length of Potts's relationship with co-counsel. In the Illinois federal court, membership in the "General Bar" is necessary to file an appearance or participate in any proceeding, whereas membership in the "Trial Bar" is reserved for experienced attorneys who have met certain qualifications in order to appear as trial counsel without supervision. Pursuant to the judge's recommendation, the Executive Committee for that court initiated disciplinary proceedings and subsequently suspended Potts from the Trial Bar for one year; the suspension was later reduced to a term of six months. Based on these facts, the State Bar sought the imposition of a public reprimand as "substantially similar discipline." Rule 9.4 (b) (3). Potts excepted to this recommended sanction on various grounds. See id. at (b) (3) (i)-(vi).

In its report and recommendation, the Review Panel found one of Potts's exceptions moot and rejected Potts's other contentions regarding the alleged lack of due process and infirmity of proof in the Illinois proceedings and the alleged undue severity of imposing reciprocal discipline in this case. Expressly

2

noting that both parties agreed that "there is no comparable discipline in Georgia" relative to the sanction imposed by the Illinois federal court, the Review Panel ultimately concluded that "a public reprimand would serve as substantially similar reciprocal discipline" and was the appropriate sanction in this case. One member of the Review Panel, however, dissented, arguing that the Review Panel did not have jurisdiction to impose discipline pursuant to Rule 9.4, because the discipline imposed by the Illinois federal court does not qualify as a "suspen[sion] or disbar[ment] in another jurisdiction" that would trigger Rule 9.4 (b).

In his exceptions to the Review Panel's report, Potts maintains that the Review Panel erred in rejecting his argument concerning the infirmity of proof in the Illinois federal court proceedings, but states that he accepts that decision. Citing the harm to his reputation he has already suffered as a result of the Illinois proceedings and the significant harm that he asserts he would suffer from the imposition of public discipline in this State, Potts maintains that a formal admonition is a more appropriate sanction here.

We conclude, however, that the discipline imposed on Potts by the Illinois federal court does not qualify as a "suspension" within the meaning of our Rules

3

of Professional Conduct. Because reciprocal discipline is appropriate only where a lawyer admitted to practice in Georgia "has been disbarred or suspended in another jurisdiction," Rule 9.4 (b), such discipline is not proper here. This conclusion follows from the text of Rule 4-102, which defines a suspension as a "form of public discipline [removing] the respondent from the practice of law." See Rule 4-102 (b) (2). The discipline imposed by the Illinois federal court does not "remov[e] [Potts] from the practice of law," id., but instead merely imposes certain qualifications on the activities Potts can undertake in the course of representation in that court. In addition, as is apparent from the Review Panel's report and as acknowledged by both parties, our Rules provide for no substantially similar discipline to that imposed by the Illinois federal court, thus making it difficult to impose true "reciprocal" discipline here. See Rule 9.4 (b) (3) (requiring Review Panel to recommend to the Supreme Court of Georgia "substantially similar discipline" or removal from practice). Also supportive of this conclusion is the fact that Rule 9.4 specifically addresses "[d]iscipline imposed by another jurisdiction but of a lesser nature than disbarment or suspension," which "may be considered in aggravation of discipline in any other disciplinary proceeding." Rule 9.4 (b) (6).

4

This provision suggests that lesser discipline imposed in another jurisdiction is not properly the subject of a reciprocal discipline proceeding under our Rules. Considering these factors, this case is not an appropriate one for resolution through the reciprocal discipline process.

This Court's rejection of reciprocal discipline here does not, however, foreclose the Bar from exercising its discretion, should it so elect, to pursue a disciplinary matter against Potts for violations of the Georgia Rules of Professional Conduct in connection with his misconduct in the Illinois federal court. See Rule 8.5 (a) ("[a] lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, *regardless of where the lawyer's conduct occurs*") (emphasis supplied).

Dismissed. All the Justices concur.

Decided August 14, 2017.

Disciplinary matter.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia..

Frankfurt, Kurnit, Klein & Selz, Richard M. Maltz, for Potts.