318 Ga. 389
FINAL COPY

S24Y0267. IN THE MATTER OF CHERYL JOYCE BRAZIEL.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Daniel S. Reinhardt, who recommends that Respondent Cheryl Joyce Braziel (State Bar No. 275115) receive a two-year suspension with a condition on reinstatement for her misconduct in relation to negotiations with lienholders during the settlement of a personal injury case, in connection with which she violated Rules 1.15 (I) (b),[1] 1.15 (I) (c),[2]

---

[1] Rule 1.15 (I) (b) provides in relevant part that "[f]or the purposes of this Rule, a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession if: (1) the interest is known to the lawyer, and (2) the interest is based upon one of the following: (i) a statutory lien[.]"

[2] Rule 1.15 (I) (c) provides that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

and 4.1[3] of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d).[4] The maximum sanction for a single violation of any of these Rules is disbarment. Braziel, a member of the State Bar of Georgia since 2007, is currently under administrative suspension for failure to comply with continuing legal education requirements.

Having carefully reviewed the record, we agree that a two-year suspension with a condition is the proper sanction for Braziel's misconduct in this matter, with the two-year suspension to begin only after her current administrative suspension is lifted. See Bar Rule 8-108 (setting out procedures for reinstatement following administrative suspension for failure to comply with continuing legal education requirements).

---

[3] Rule 4.1 provides in relevant part that "[i]n the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person . . . ."

[4] Because the misconduct took place in 2017, prior to the July 1, 2018 effective date of the revisions of the GRPC, the former rules apply. But as to the violations charged here, there is no material difference in the former rules and the current rules, and we quote the current rules.

In a formal complaint filed in 2021, the State Bar charged Braziel with several violations of the GRPC, including Rules 1.15 (I) (b), 1.15 (I) (c), and 4.1. After a hearing, the Special Master concluded that Braziel violated Rules 1.15 (I) (c) and 4.1 and found facts demonstrating that Braziel violated Rule 1.15 (I) (b).[5] Neither Braziel nor the State Bar filed exceptions to or requested review by the State Disciplinary Review Board.

The facts, as found by the Special Master and supported by the record, show that Braziel was retained to pursue a personal injury claim for a client who was injured in July 2016 in an automobile collision in Texas, for which he received treatment at a hospital in Texas.[6] The client continued to receive medical treatment after he

---

[5] In her pleadings before the Special Master, Braziel admitted a violation of Rule 1.15 (I) (b).

[6] We note that the record shows that Braziel is not admitted to practice in Texas and that there is no indication in the record that Braziel was admitted pro hac vice for any court proceeding related to the representation. Although Braziel's office was in Georgia at the time, there does not appear to be any other nexus between Braziel's representation of the client and Georgia, given that the at-fault driver appears to be a Texas resident as well. Under Rule 8.5 (a), however, a "lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs." We are not aware of any case in which we have disciplined a

was released from the hospital, but he did not have health insurance. Shortly thereafter, the hospital executed a notice of hospital lien as to the client's medical expenses. Additionally, the Office of the Texas Attorney General Child Support Collections Unit ("Texas Attorney General") sent a notice of lien to Braziel reflecting that the client owed child support ("child support lien"). Braziel attempted to negotiate the amount of the liens with the hospital and the Texas Attorney General. The hospital offered to settle its lien for $5,425, but Braziel did not accept the offer on her client's behalf. The Texas Attorney General agreed to reduce the amount of the child support lien to $0, relying on Braziel's representation that the client would not receive any portion of the personal injury settlement with the at-fault driver.

---

lawyer pursuant to the authority outlined in Rule 8.5 (a), although we have, in at least one case, referenced that rule in noting that the State Bar may pursue a disciplinary matter against a Georgia lawyer who committed misconduct in another state. See *In the Matter of Potts*, 301 Ga. 789, 790-791 (804 SE2d 59) (2017). However, the text of Rule 8.5 (a) appears to apply to the facts of this case, and Braziel has not challenged this Court's authority to impose discipline pursuant to it.

In August 2017, Braziel settled the client's personal injury claim with the at-fault driver's insurance company for $31,440. After receiving the settlement check, Braziel presented the client with a settlement statement, which the client signed. The statement indicated that the client would receive a total disbursement of $10,743.76, the balance of the hospital lien was $5,425, the child support lien had a zero balance, and other liens were being paid off. However, Braziel did not notify the Texas Attorney General or the hospital about the settlement; she did not pay the child support lien; and she did not satisfy the hospital lien until September 2019, after the hospital's attorney filed a grievance with the State Bar.

Based on these facts, we agree with the Special Master that Braziel violated Rule 1.15 (I) (c) because she did not promptly give notice of her receipt of the settlement funds to either the hospital or the Texas Attorney General and she did not promptly satisfy the negotiated liens. We further agree that Braziel violated Rule 4.1 in the course of negotiating the amount of the child support lien to zero, when she advised the Texas Attorney General that the client would

receive nothing from the settlement. Additionally, Braziel admitted she violated Rule 1.15 (I) (b) by her failure to satisfy the child support lien out of the settlement proceeds.

Looking to factors in mitigation and aggravation, see American Bar Association Standard for Imposing Lawyer Sanctions ("ABA Standards"),[7] we accept the Special Master's factual finding that Braziel "has been cooperative," which may be considered in mitigation. See ABA Standard 9.32 (e) (cooperative attitude toward disciplinary proceeding may be mitigating factor). We also agree with the Special Master that Braziel's prior disciplinary history is an aggravating factor. See ABA Standard 9.22 (a) (prior disciplinary offense may be aggravating factor).[8] See *In the Matter of Braziel*, 306

---

[7] We have long considered the ABA Standards as "generally instructive as to the question of punishment." *In the Matter of Cook*, 311 Ga. 206, 213 (857 SE2d 212) (2021) (cleaned up); *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996).

[8] Although the State Bar has not alleged a violation of Rule 5.5 (a) (lawyer shall not practice law in a jurisdiction in violation of regulations governing the practice of law in that jurisdiction), some of us question whether the State Bar could have pursued discipline on the basis of Rule 5.5 (a). Some of us also question whether Braziel's apparent unauthorized practice of law should be considered in aggravation. See ABA Standard 9.22 (k) ("Aggravating factors include . . . illegal conduct . . . ."); Tex. Gov't Code Ann. § 81.102 (a)

Ga. 385 (830 SE2d 730) (2019) (accepting petition for voluntary discipline and imposing public reprimand for failure to adequately supervise nonlawyer employee).

Having carefully reviewed the record and considered the applicable ABA Standards, we agree with the Special Master that, given Braziel's prior disciplinary history and the lack of significant mitigating factors, our cases support the imposition of a two-year suspension with reinstatement conditioned upon her participation in the State Bar's Law Practice Management Program for Braziel's violations of Rules 1.15 (I) (b), 1.15 (I) (c) and 4.1. See, e.g., *In the Matter of Van Johnson*, 313 Ga. 151, 152-154 (868 SE2d 794) (2022) (imposing six-month suspension where attorney with no prior disciplinary history filed petition for voluntary discipline, admitting various violations of GRPC, including in connection with settling client's personal injury case and failing to pay medical providers funds they were entitled to, where there were substantial mitigating

("Except as provided by Subsection (b), a person may not practice law in this state unless the person is a member of the state bar."). But we need not answer these questions to resolve this matter.

7

circumstances and where reinstatement was conditioned on participation in Law Practice Management Program); *In the Matter of Veach*, 310 Ga. 470, 471-473 (851 SE2d 590) (2020) (imposing an 18-month suspension where attorney with no prior disciplinary history filed petition for voluntary discipline, admitting violations of Rules 1.15 (I) (b), 1.15 (II) (b), and 8.4 (a) (4) for misconduct including failing to disburse money to a lienholder and where there were significant mitigating circumstances); *In the Matter of Berry*, 310 Ga. 158, 158-159 (848 SE2d 71) (2020) (disbarring attorney, who was in default and had prior disciplinary history, where attorney agreed to resolve medical lien upon settlement of personal injury claim but failed to do so and misappropriated funds that he was supposed to remit to a medical provider); *In the Matter of Nicholson*, 299 Ga. 737, 737-738, 740-742 (791 SE2d 776) (2016) (disbarring attorney, who was in default, for violating Rules 1.15 (I) (b), 4.1 (a), 8.4 (a) (4), and 9.3 where attorney executed false affidavit and subsequently failed to satisfy hospital lien and where there were aggravating factors and no mitigating circumstances of significant weight).

Accordingly, it is hereby ordered that Cheryl Joyce Braziel is suspended from the practice of law in Georgia for two years, with reinstatement conditioned upon her participation in the State Bar's Law Practice Management Program.[9] At the conclusion of the two-year suspension, Braziel may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that she has met the condition on reinstatement. If the State Bar agrees that the condition has been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Braziel is reminded of her duties under Bar Rule 4-219 (b).

*Two-year suspension with condition. All the Justices concur.*

---

[9] Braziel's two-year suspension will begin to run only after she is in compliance with the requirements for continuing legal education.

Decided February 20, 2024.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.