**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 3, 2026

S25Y0932.  IN THE MATTER OF PAUL JASON YORK.

PER CURIAM.

This is the second time that this disciplinary matter has come before the Court. In *In the Matter of York*, 318 Ga. 784 (2024) ("*York I*"), this Court rejected Special Master Michael J. Blakely's recommendation to accept Paul Jason York's (State Bar No. 929158) petition for voluntary discipline, which he submitted after the filing of a formal complaint, see Bar Rule 4-227(c), and in which he sought a three-year suspension from the practice of law, nunc pro tunc to May 1, 2020, the date on which he ceased practicing law. In that opinion, the Court rejected York's petition because he was under a pretrial diversion agreement ("PDA") that would not expire until after the end of his proposed suspension, and "the public [would be] likely to lose respect for the legal system" if York was permitted to

resume the practice of law before expiration of his PDA. *York I*, 318 Ga. at 790.

The matter is now back before the Court on the report and recommendation of the special master, who recommends that this Court accept York's newly-filed petition for voluntary surrender of license. York, who has been a member of the State Bar of Georgia since 2014, admits that, in connection with a criminal matter, he violated Rules 1.7(a)[1], 3.3(a)[2], 4.1[3], and 8.4(a)(4)[4] of the Georgia Rules of Professional Conduct ("GRPC"). Disbarment is the maximum penalty for violating each of these rules. York asks this Court to accept the voluntary surrender of his license to practice law,

---

[1] GRPC 1.7(a) provides, in relevant part, that "[a] lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client."

[2] GRPC 3.3(a) provides, in relevant part, that "[a] lawyer shall not knowingly … make a false statement of material fact or law to a tribunal."

[3] GRPC 4.1 provides, in relevant part, that "[i]n the course of representing a client a lawyer shall not knowingly … make a false statement of material fact or law to a third person."

[4] GRPC 8.4(a)(4) provides, in relevant part, that "[i]t shall be a violation of the [GRPC] for a lawyer to … engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

which is tantamount to disbarment. See GRPC 1.0(u). The State Bar recommends that the Court accept the proposed discipline, and we agree to do so.

The factual background, as recounted in *York I*, is as follows.

In early 2020, York represented a client who was arrested and charged with misdemeanor family violence against her husband. She was released on bond on the condition that she not contact her husband, but she was arrested a second time based on an allegation that she had violated the no-contact condition. Thereafter, she was again released on bond with the added conditions that she wear an electronic monitoring device on her ankle and pay a monthly monitoring fee of $347.52.

York forged the signatures of a judge and an assistant district attorney on a court order dated March 4, 2020 that purportedly authorized the removal of the monitoring device from the client's ankle. As a result, he was charged with felony forgery, and he entered into a 36-month Pretrial Diversion Agreement ("PDA") with the district attorney's office pursuant to OCGA § 15-18-80, requiring him, for the duration of the PDA, to (1) refrain from drug and alcohol use; (2) submit to random drug tests; (3) continue counseling with a psychologist until released; (4) continue counseling with a substance abuse counselor until released; (5) attend at least one weekly drug/alcohol support group meeting; (6) attend monthly legal mentoring sessions; (7) follow the Bar's recommendations; and (8) "not practice law until reinstated by the State Bar of Georgia." The district attorney agreed to dismiss the criminal charges upon

York's completion of the conditions, but if York failed to meet those conditions, he could face prosecution.

*York I*, 318 Ga. at 785.

The Bar filed a formal complaint against York, and he filed a petition for voluntary discipline in which he sought a three-year suspension, nunc pro tunc to May 1, 2020, the date he stopped practicing law. Although the special master issued a report and recommendation in which he recommended that the Court accept York's petition, this Court ultimately rejected York's petition in *York I.*

On remand, York filed a petition for voluntary surrender of license to practice law, in which he admitted that his actions in forging the signatures of an Assistant District Attorney and a judge on an order purporting to authorize the removal of an electronic home monitoring device from his client violated Rules 1.7(a), 3.3(a), 4.1, and 8.4(a)(4). The special master has issued a new report and recommendation in which he recommends that the Court accept York's petition for voluntary surrender of license, and the State Bar supports York's petition.

Having reviewed the record, we agree with the special master's recommendation and accept York's petition for voluntary surrender of his license. See *In the Matter of Gardner*, 286 Ga. 623 (2010) (accepting petition for voluntary surrender of license where attorney admitted facilitating and concealing mortgage fraud). See also *In the Matter of Koehler*, 297 Ga. 794 (2015) (disbarment appropriate where lawyer made materially deceitful and misleading statements in court filings in violation of Rules 1.2, 1.4, 3.1, 3.3, 4.4, and 8.4(a)(4)).

Accordingly, we order that York be removed from the rolls of persons authorized to practice law in the State of Georgia. York is reminded of his duties pursuant to Bar Rule 4-219(b).

*Voluntary surrender of license accepted. All the Justices concur.*